No. 33,976

Nettie Pattrick, *Appellee*, v. D'. T. Riggs, *Appellant*.

(84 P. 2d 840)

Opinion filed December 10, 1938.

*Arthur J. Stanley, Arthur J. Stanley, Jr., J. E. Schroeder* and *Lee E. Weeks,* all of Kansas City; *Albert I. Beach, Bert Steeper* and *George L. Gordon,* all of Kansas City, Mo., for the appellant.

*Edwin S. McAnany, Thos. M. Van Cleave, Willard L. Phillips, Bernhard W. Alden, Patrick B. McAnany* and *Thos. M. Van Cleave, Jr.,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

Harvey, J.: Plaintiff sued for the wrongful death of her husband and recovered judgment for $6,150. Defendant has appealed, and contends the judgment is excessive. This is the only question presented here.

Plaintiff's husband, George W. Pattrick, was an employee of the Kansas City Public Service Company, which operated the street railway, as an emergency track repair man. On September 23, 1935, about 2 o'clock, a. m., he and a helper were repairing a track switch in the street when he was struck by an automobile driven by defendant and sustained injuries which resulted in his death ten days later. While defendant's liability was contested in the trial court. no point is raised in this court respecting such liability.

Mr. Pattrick was more than 77 years of age, nearer his 78th birthday, at the time of his death. His life expectancy by the American table of mortality was 5.11 years. He was 5 feet, 9 inches tall, weighed 185 pounds, and was in good health. He did not gamble, was sober and industrious. He had been employed by the streetcar company for 31 years, and within that time had no serious illness, and was under the doctor's care but once, when a foot was injured by accident in 1909. Since 1923 his wages had been constant at $24.60 per week. He and his wife owned their home, which they had bought on contract for $3,500, of which $900 was still to be paid. In his hours off duty he cared for the yard and garden and kept up the little repairs about the place. They had a married son who had a home of his own.

Out of Mr. Pattrick's weekly wages about $3.50 was consumed by him personally for clothes and incidentals. The balance was used in paying for and maintaining the home, paying the household and living expenses of both of them, and for plaintiff's clothes and incidentals. Answering a special question, the jury found that plaintiff lost $21 a week by reason of the death of her husband. Apparently this did not take into account the fact that the grocery bill for two would be larger than for one. Answering another special question, the jury found the deceased contributed $12.30 to the support of plaintiff. This finding is hardly consistent with the one just mentioned. It was just half of the earnings of the husband. Perhaps the finding was prompted by testimony that neither plaintiff nor her husband attempted to take any advantage of the other in the use of his earnings, but obviously it did not take into account the fact that a place to live and items which make up the expense of maintaining a home are substantially the same for one person as for two.

It is the well-settled rule of law that the amount of the recovery in a case of this character is limited to the financial loss sustained by the plaintiff. (G. S. 1935, 60-3203; *Aaron v. Telephone Co.*, 89 Kan. 186, 194, 131 Pac. 582; *Hilliard v. Southern Kansas Stage Lines Co.*, 146 Kan. 288, 70 P. 2d 28.) The amount of the general verdict, $6,150, indicates the jury arrived at it by allowing plaintiff $21 a week for the time of the life expectancy of her husband, 5.11 years, plus the expenses of his last illness and burial. The court had instructed the jury that for the purpose of determining the probable duration of the life of the decedent, had he not met death by acci-

dent or injury, the table of life expectancy admitted in evidence might be considered in connection with all the other evidence adduced bearing on that question, and no complaint is made of this instruction. It seems clear the general verdict does not take into consideration loss of wages or possible expense resulting from loss of time by reason of health failing from natural causes, a thing reasonably certain to happen when we consider the age of plaintiff's husband. Neither does it take into consideration some items necessary for his support, nor the fact that payment is being made in advance. We think the general verdict is at least $1,500 too high.

Appellant contends the evidence does not show that plaintiff paid the expenses of her husband at the hospital, the doctor bills and funeral expenses, the amounts of which are not controverted, and argues it was improper for those items to be considered because of the lack of such evidence. The record discloses that Mr. Pattrick and his employer were operating under the workmen's compensation act, that the employer paid compensation, including these items, and that this action is prosecuted by the employer and plaintiff in her name, as is authorized by G. S. 1935, 44-504. Necessarily the proceeds of the judgment in this case will be apportioned between them as "their interests may appear." We think this was proper. (*Marshall v. Miller Bros.*, 112 Kan. 706, 212 Pac. 883.) Any arrangement between plaintiff and her husband's employer growing out of their relations under the workmen's compensation act does not lessen or increase appellant's liability. (See *Long v. American Employers Ins. Co.*, 148 Kan. 520, 83 P. 2d 674.) There was no error in this respect in the trial court.

If plaintiff will remit $1,500 of the judgment, and so advise the clerk of this court within ten days after this opinion is filed, the judgment of the trial court will be reduced to $4,650, and as so reduced will be affirmed; otherwise it will be reversed for a new trial to be limited to the amount of the damages only. It is so ordered.