No. 36,667

Bernieta (Peterson) Krol, Surviving Wife of Darryl J. Peterson, *Appellee*, v. (L. L. Coryell et al.) Zurich General Accident and Liability Insurance Company, *Appellant.*

(175 P. 2d 423)

Opinion filed December 7, 1946.

*E. S. Hampton,* of Salina, argued the cause, and *B. I. Litowich, LaRue Royce, Raymond E. Haggart* and *H. H. Dunham,* all of Salina, were with him on the briefs for the appellant.

*W. A. Kahrs,* of Wichita, argued the cause, and *Austin M. Cowan, Robert H. Nelson,* both of Wichita, and *F. J. Brettle,* of Salina, were with him on the briefs for the appellee.

*Howard T. Fleeson, Homer V. Gooing, Wayne Coulson* and *Paul R. Kitch,* all of Wichita, as *amici curiae.*

The opinion of the court was delivered by

Parker, J.: This is an action for damages brought in the name

of the widow of a deceased workman, for his wrongful death, alleged to have been caused by the negligence of a tortfeasor.

The facts responsible for the controversy can be stated briefly: On September 29, 1942, Darryl J. Peterson, an employee of the Elliott Fruit and Grocery Company, whose workmen's compensation insurance was carried by the New Amsterdam Casualty Company, hereinafter called the casualty company, was killed in an accident on U. S. Highway 81 south of Salina as a result of being struck by a gasoline truck owned by Coryell & Son, a partnership, insured under a policy of liability insurance issued by the defendant, Zurich General Accident and Liability Insurance Company, hereinafter referred to as the insurance company. The deceased's widow claimed and was awarded workmen's compensation amounting to $4,150 which is being paid by the casualty company. She failed to commence any action for the wrongful death of her husband and on September 15, 1944, the casualty company instituted such a proceeding in her name against the members of the partnership and the insurance company for the sum of $10,000. On motion to quash service all parties sued, except the insurance company, were discharged and the company is now the only party defendant against whom recovery is sought.

No useful purpose will be served by detailing the contents of the petition. It suffices to say it alleges the widow is bringing the action for and on behalf of herself and her minor child, states a cause of action against the defendant for the wrongful death of her husband, and without mention of the fact that anyone else has an interest in the cause of action prays that she recover judgment for the full amount claimed therein.

To the petition the defendant insurance company filed answer in due course. Its first and second paragraphs contain a general denial and averments to the effect the negligence of the deceased was the cause of his death and are not involved.

The third paragraph is in question and reads:

"The above-named plaintiff is not the real party in interest, and said action is in fact prosecuted by the New Amsterdam Casualty Company. At the time of said accident Darryl J. Peterson was working in the course of his employment with the A. S. Elliott Fruit and Grocery Company, Salina, Kansas, subject to the workmen's compensation act. The New Amsterdam Casualty Company, as insurer of A. S. Elliott Fruit and Grocery Company, assumed liability under said act, and the Workmen's Compensation Commissioner duly entered an award in favor of the plaintiff for the benefit of her child and herself in the sum of $4,000 plus $150 for funeral expenses.

Plaintiff failed to institute any action, and by the terms and limitations of 1943 Supp. G. S. 44-504 of the Workmen's Compensation Act, such failure on the part of the plaintiff to bring any action operated as an assignment of any cause of action to the A. S. Elliott Fruit and Grocery Company and the New Amsterdam Casualty Company, and said companies are the real parties in interest herein and they are barred of any recovery by way of reimbursement for said money paid to the plaintiff by reason of said negligence of Darryl J. Peterson, now deceased."

Also involved is the second clause of the prayer which requests that the Elliott Fruit and Grocery Company and the casualty company as the real parties in interest in the action be substituted as parties plaintiff for the widow in whose name the action had been instituted.

Shortly after the answer was filed the plaintiff filed a motion to strike the third paragraph and the second clause of the prayer on the ground the allegations and denials therein set forth were incompetent, irrelevant and immaterial and prejudicial to the plaintiff's interest and did not constitute a defense to the action. On presentation of this motion the plaintiff admitted the correctness of the allegations of the challenged third paragraph. Notwithstanding the admission the court sustained in its entirety the motion to strike upon the grounds set forth therein. The appeal is from the ruling on such motion.

From what has been heretofore stated it is apparent the appeal presents two substantive questions. One requires us to decide if the instant action may be prosecuted in the name of the widow as plaintiff. The other compels a decision on the proposition of whether under the provisions of section 1, of chapter 50 of the Laws of 1938, as now in force and effect the allegations and averments set forth in the third paragraph of defendant's answer are to be regarded as material to the defense of such action.

Construction of the language to be found in the legislative enactment just mentioned is involved in the consideration of both questions. Chapter 50, *supra,* now G. S. 1945 Supp. 44-504, reads:

"When the injury or death for which compensation is payable under this act was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured workman, his dependents or personal representatives shall have the right to take compensation under the act and pursue his or their remedy by proper action in a court of competent jurisdiction against such other person. In the event of recovery from such other person by the injured workman, or the dependents or personal representatives of a deceased employee by judgment, settlement or otherwise,

the employer shall be subrogated to the extent of the compensation and medical aid provided by him to date of such recovery and shall have a lien therefor against such recovery and the employer may intervene in any action to protect and enforce such lien. Such action against the other party, if prosecuted by the workman, must be instituted within one year from the date of the injury, and, if prosecuted by the dependents or personal representatives of a deceased workman, must be instituted within eighteen months from the date of such injury. Failure on the part of the injured workman, or the dependents or personal representatives of a deceased workman to bring such action within the time herein specified, shall operate as an assignment to the employer of any cause of action in tort which the workman or the dependents or personal representatives of a deceased workman may have against any other party for such injury or death, and such employer may enforce same in his own name or in the name of the workman, dependents or personal representatives by proper action in any court of competent jurisdiction."

In support of its contention that the court erred in sustaining the portion of the motion to strike directed against the second clause of the prayer of the answer, appellant directs our attention to G. S. 1935, 60-401, and insists that in view of the record it compels a conclusion the deceased workman's employer and the casualty company are the real parties in interest and must be substituted as parties. Conceding for present purposes such parties are the real parties in interest we do not agree. True enough the section just mentioned provides—in fact, the code of civil procedure since its enactment in 1868 has contained a similar provision—that every action must be prosecuted in the name of the real party in interest. However, the same power which lays down a general rule of statutory procedure may limit or restrict the scope of its operation. In our opinion the legislature exercised the power possessed by it and created an exception to the general rule of the code when in enacting G. S. 1945 Supp. 44-504, it provided "and such employer may enforce same in his own name *or in the name of the workman, dependants or personal representatives* by proper action in any court of competent jurisdiction." (Emphasis supplied.) It follows the court did not err in sustaining the motion to strike insofar as it pertained to the allegations appearing in the second clause of the prayer of the answer.

Turning now to consideration of the second question it will not only be helpful but necessary to review the earlier enactments having to do with the subject of remedies against negligent third parties as now covered by section 44-504, *supra.*

As originally enacted in 1911 such section read:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability against some person other than the employer to pay damages in respect thereof: (*a*) The workman may take proceedings against that person to recover damages and against any person liable to pay compensation under this act for such compensation, but shall not be entitled to recover both damages and compensation; and (*b*) if the workman has recovered compensation under this act, the person by whom the compensation was paid, or any person who has been called on to indemnify him under the section of this act relating to subcontracting, shall be entitled to indemnity from the person so liable to pay damages as aforesaid,. and shall be subrogated to the rights of the workman to recover dam· ages therefor." (R. S. 44-504; Laws 1911, ch. 218, § 5.)

In 1927 the statute was amended to read:

"When the injury or death for which compensation is payable under this act was caused under circumstances creating a legal liability against some person other than the employer to pay damage, the injured workman or his personal representative shall within ninety (90) days of the date of receiving said injury elect whether to take compensation under this act or to pursue his remedy against such other person. Such election must be in writing and must be delivered to the employer in person or by registered mail, and the acceptance of compensation by an injured workman shall be construed as a positive election to accept compensation under this section. Failure on the part of the injured employee or his personal representative to file a written election with the employer within ninety (90) days that he will pursue his remedy against the negligent third party shall operate as an election to accept compensation and as an assignment of any cause of action in tort which the employee or his personal representative may have against any other party for such injury or death, and such employer may enforce in his own name, or in the name of the workman, the liability of such other party for their benefit as their interests may appear." (G. S. 1935, 44-504; Laws 1927, ch. 232, § 4.)

We note, as we examine the three foregoing quoted sections of the statute, that aside from others material but not quite so important, there is one fundamental difference between the two earlier sections and the one on which our decision must be based. The 1911 enactment and the 1927 amendment each provide for an equitable adjustment between the employee and his employer and/or between the dependents or personal representatives of a deceased workman and his employer when such parties are subject to their respective provisions, whereas G. S. 1945 Supp. 44-504, enacted in 1938, is wholly silent on the subject of equitable contribution or distribution between such parties when the employer enforces a cause of action after acquiring it by assignment in the manner therein provided.

The appellee, of course, contends the trial court properly sustained the motion to strike the third paragraph of appellant's answer. As supporting the contention reference is made to the early case of *Moeser v. Shunk,* 116 Kan. 247, 226 Pac. 784, where it was held:

"Section 5 of the workmen's compensation act (R. S. 44-504) provides for an equitable adjustment between the employer and his employee when both are governed by the provisions of the act and the injury to the employee is caused by the negligence of a third party. It is not intended for the benefit of such third party, nor to relieve him from liability." (Syl. ¶ 2.)

And the later cases of *Jolley v. United Power & Light Corp.,* 131 Kan. 102, 289 Pac. 962; *Acock v. Kansas City Power & Light Co.,* 135 Kan. 389, 10 P. 2d 877, to the same effect. Our attention is also directed to certain other decisions adhering to the rule announced in *Moeser v. Shunk,* supra, where the right of a defendant to plead or prove matters covered by allegations found in the third paragraph of the answer here in question was specifically involved and denied. See *Riddle v. Higley Motor Company,* 122 Kan. 458, 252 Pac. 231, also, *Early v. Burt,* 134 Kan. 445, 7 P. 2d 95, and *Pattrick v. Riggs,* 148 Kan. 741, 84 P. 2d 840.

We have no quarrel with the rule announced in the foregoing decisions but it must be remembered that it is predicated upon statutory provisions providing in substance that whenever an employer brought an action in damages, upon a cause of action for wrongful injuries to or death of an employee which he had acquired by subrogation or statutory assignment, the most he could recover would be the amount he had been required to expend as the result of the injury to his employee and anything over and above that amount would go to the employee if alive or if deceased to his dependents or personal representatives. With this thought in mind let us examine the provisions of the present statute for the purpose of determining whether decisions based upon the earlier enactments can be said to be decisive of the cause when full force and effect is given to its provisions.

Whether deliberate or unintentional it must be conceded the legislature in enacting G. S. 1945 Supp. 44-504, failed to provide that an employer acquiring a statutory assignment under its terms, irrespective of whether he brought the action in his own name or in the name of the dependents or personal representatives of a deceased workman, should account to anyone in the event he recovered more from a third person than he has actually paid out in the form of

compensation to or on behalf of his employee and we find nothing therein which permits us, under any rule of statutory construction, to hold that if he recovers more than that amount he is required to reimburse either the employee or the deceased employee's dependents. Nor do we find anything in such section to justify a conclusion he cannot retain more than he has been out of pocket if he is successful in obtaining a judgment in excess of that sum. Thus it appears the statute in its present form no longer makes provision for an equitable adjustment between the employer and his employee and/or dependents or provides that the amount recovered inures to the benefit of each of them as their interests may appear. On the contrary, without judicial welding it permits the employer to speculate upon the misfortune of his employee, it allows him to unjustly enrich himself at the expense of a third party, and in effect results in a violation of the fundamental principles of the law of subrogation, the very source from which springs the right of an employer ever to recover what he had been out of pocket because of injuries suffered by his employee at the hands of a third person. So construed, it is our opinion the decisions relied on by appellee are not applicable or decisive. True enough the present statute is not intended for the benefit of a third party or to relieve him from liability, but neither is it intended for the undue enrichment of an employee's employer or the latter's insurance carrier and we do not believe the legislature in enacting it contemplated any such inequitable or unjust result notwithstanding its language seems to permit the employer to recover more than he has expended for his employee in the way of compensation. Anyway, since the employee or his dependents or personal representatives as the case may be are not entitled to an equitable adjustment or to participate in the distribution of the amount recovered by the employer the reason for the rule announced in such decisions no longer exists and neither rule nor decisions support or justify the trial court's ruling in striking the third paragraph of appellant's answer.

The well-settled law of this state is that in an action for wrongful death the amount of recovery is limited to the plaintiff's financial loss (*Pattrick v. Riggs*, 148 Kan. 741, 84 P. 2d 840, and *Smith v. Bassett*, 159 Kan. 128, 152 P. 2d 794), and we add, that in such an action, when it is instituted by an employer in the name of the dependents or personal representative of a deceased workman under authority of G. S. 1945 Supp. 44-504, in its present form, the amount

of recovery is limited to the financial loss of the real party in interest.

When applied to the instant case and all others similar in character the foregoing rule simply means that unless and until the legislature amends G. S. 1945 Supp. 44-504, to permit the dependents or personal representatives of a deceased workman to share in their recovery the measure of damages in an action brought by an employer, under authority of the assignment mentioned in such section, against a third party to recover damages for the wrongful death of an employee will be limited and restricted to the actual amount such employer has been required to pay out in the form of compensation and medical aid as a result of such employee's death.

It necessarily follows allegations of the appellant's answer with respect to the real party in interest, the amount of compensation paid, and others of similar import, were material, and important to its defense of the action. Therefore, the trial court erred in sustaining the motion to strike the third paragraph of such answer.

As herein indicated the judgment is affirmed in part and reversed in part.