No. 36,908

WILLIAM CLIFFORD, *Appellee*, v. ALLAN B. EACRETT, doing business as CENTRAL AVIATION ENGINEERING COMPANY, Respondent, and THE WESTERN NATIONAL INDEMNITY COMPANY, *Appellants*.

(183 P. 2d 861)

472

Isaac N. Williams, judge. Opinion filed July 12, 1947.

William P. Thompson, of Wichita, argued the cause, and A. W. Hershberger, J. B. Patterson, Enos E. Hook and Richard Jones, all of Wichita, were with him on the briefs for the appellants.

C. H. Morris, of Wichita, argued the cause, and Lee Garrett, of Wichita, was with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal by the employer and his insurance carrier in a workmen's compensation case.

Appellee, the workman, was employed by Allan B. Eacrett, doing business as the Central Aviation Engineering Company. While so employed on March 24, 1945, he was on a mission to get some empty apple boxes for his employer from the basement of the North End Market in Wichita. While waiting in the rear of the building for the boxes to be brought from the basement for loading onto a truck, located in the alley, an explosion of natural gas occurred in the building due to leaks in the pipes of the Gas Service Company which was supplying gas to the North End Market. The explosion resulted in serious injuries to appellee.

Prior to February 1, 1946, appellants had paid compensation to appellee in the sum of $774 and thereafter had also incurred medical expenses for and on his behalf in the sum of $531.60. Appellee instituted a common law action for damages against the Gas Service Company in which he sought damages in the total sum of $47,956.60. The items of damage claimed covered doctor bills, medicine, nurse hire, probable future expenses for all of the items previously mentioned, physical injuries, disfigurement, shock to his nervous system, pain and suffering. On February 1, 1946, appellee obtained a judgment in that case for all damages sustained in the sum of $6,000, which was paid on February 6, 1946. Appellants had notice of the pendency of the damage action for some period of time prior to February 1, 1946, but neither of them intervened in that action. Both the appellee and the Gas Service Company had notice prior to rendition of the judgment in the damage action that the appellant insurance carrier had paid compensation and had incurred medical expenses for and on behalf of appellee. After the date of judgment against the Gas Service Company no further compensation was paid. Appellants made demand on appellee and the Gas Service Company

for reimbursement of compensation paid and the amount of medical expenses incurred on behalf of appellee but the demand was refused by each of them. After the rendition of judgment in the damage action appellee filed his application for additional compensation under the workmen's compensation act. On September 12, 1946, the commissioner made his findings and award allowing appellee temporary total disability in the sum of $774 and permanent partial disability for 372 weeks in the sum of $5,088.96, or for the total sum of $5,862.96. Against that amount the commissioner credited appellants with the amount of $774 previously paid and rendered an award in favor of appellee for the balance in the sum of $5,088.96. The commissioner held that under the present law, G. S. 1945 Supp. 44-504, the claimant was not required to elect whether he would pursue his remedy under the workmen's compensation act or his remedy by an action for damages against a negligent third party, but could recover compensation from his employer and damages from the negligent third party, in the event respondent and his insurance carrier had knowledge of the third party damage action and failed to make timely intervention. The findings and award of the commissioner were adopted by the district court and judgment was rendered accordingly. From that judgment respondent and his insurance carrier have appealed to this court.

As stated, appellants did not exercise their statutory privilege of intervening in the damage action in order to have their rights, whatever they may have been, protected. No judgment establishing their rights was rendered in the damage action. We, therefore, have no judgment rendered in that action, affecting their rights, before us for review. The only judgment here for review is the one rendered in the subsequent compensation case.

The sole question before us now is whether appellee was precluded from obtaining compensation under the workmen's compensation act after February 1, 1946, by reason of the judgment he alone recovered against the negligent third party on that date. Appellee contends he is not so precluded and appellants contend he is. The parties also agree this precise question has not been decided by this court and that the answer thereto depends upon a proper interpretation of G. S. 1945 Supp. 44-504 which provides:

"When the injury or death for which compensation is payable under this act was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured workman, his dependents

or personal representatives shall have the right to take compensation under the act and pursue his or their remedy by proper action in a court of competent jurisdiction against such other person. In the event of recovery from such other person by the injured workman, or the dependents or personal representatives of a deceased employee by judgment, settlement or otherwise, the employer shall be subrogated to the extent of the compensation and medical aid provided by him to date of such recovery and shall have a lien therefor against such recovery and the employer may intervene in any action to protect and enforce such lien. Such action against the other party, if prosecuted by the workman, must be instituted within one year from the date of the injury, and, if prosecuted by the dependents or personal representatives of a deceased workman, must be instituted within eighteen months from the date of such injury. Failure on the part of the injured workman, or the dependents or personal representatives of a deceased workman to bring such action within the time herein specified, shall operate as an assignment to the employer of any cause of action in tort which the workman or the dependents or personal representatives of a deceased workman may have against any other party for such injury or death, and such employer may enforce same in his own name or in the name of the workman, dependents or personal representatives by proper action in any court of competent jurisdiction."

This statute is the result of amendments to the Laws of 1911 and 1927. As originally enacted the 1911 section read:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability against some person other than the employer to pay damages in respect thereof: (a) The workman may take proceedings against that person to recover damages and against any person liable to pay compensation under this act for such compensation, *but shall not be entitled to recover both damages and compensation;* and (b) if the workman has recovered compensation under this act, the person by whom the compensation was paid, or any person who has been called on to indemnify him under the section of this act relating to subcontracting, shall be entitled to indemnity from the person so liable to pay damages as aforesaid, and shall be subrogated to the rights of the workman to recover damages therefor." (R. S. 1923, 44-504, Laws 1911, ch. 218, § 5.) (Our italics.)

The 1927 amendment provided:

"When the injury or death for which compensation is payable under this act was caused under circumstances creating a legal liability against some person other than the employer to pay damage, *the injured workman or his personal representative shall within ninety (90) days of the date of receiving said injury elect whether to take compensation under this act or to pursue his remedy against such other person.* Such election must be in writing and must be delivered to the employer in person or by registered mail, and the acceptance of compensation by an injured workman shall be construed as a positive election to accept compensation under this section. Failure on the part of the injured employee or his personal representative to file a written election with the employer within ninety (90) days that he will pursue his remedy against the negli-

gent third party shall operate as an election to accept compensation and as an assignment of any cause of action in tort which the employee or his personal representative may have against any other party for such injury or death, *and such employer may enforce in his own name, or the name of the workman, the liability of such other party for their benefit as their interests may appear.*" (G. S. 1935, 44-504, Laws 1927, ch. 232, § 4.) (Our italics.)

Our function is to ascertain the legislative intent and purpose, by all legitimate methods, to the end that its will may be made effective. (*Jones v. State, ex rel.,* 1 Kan. 273; *Prohibitory-Amendment Cases,* 24 Kan. 700, 716; *Denton v. West,* 156 Kan. 186, 188, 131 P. 2d 886.) Workmen's compensation statutes are to be liberally construed with the view of making effective the legislative intent and not for the purpose of nullifying it. (*Mendel v. Fort Scott Hydraulic Cement Co.,* 147 Kan. 719, 78 P. 2d 868; *Abbott v. Southwest Grain Co.,* 162 Kan. 315, 326, 176 P. 2d 839.)

Before we discuss the rights of the employer under the present act we shall endeavor to ascertain what remedy, or remedies, the workman was granted thereby. It will be observed that under the 1911 act the workman was expressly denied the right to recover both damages and workmen's compensation. Under the 1927 act he was required to elect which of those remedies he would pursue. Under that act failure to elect to pursue the remedy against the negligent third party or the acceptance of compensation under the compensation act was construed as an election to take compensation under the act. With respect to the workman's rights against the negligent third party the 1938 amendment, the present law, provides:

". . . the injured workman, his dependents or personal representatives shall have the right to take compensation under the act *and pursue his or their remedy by proper action in a court of competent jurisdiction against such other person.*" (G. S. 1945 Supp. 44-504.) (Our italics.)

Appellants argue if the 1938 legislature intended to grant the workman both remedies it would have employed in the above quotation the word "rights" instead of the word "right." They concede the section provides the workman shall have the right to "pursue" an action against the negligent third party but they contend it does not grant him the right to retain the fruits of such an action and also recover compensation under the act. We think both contentions constitute a strained construction of the legislative intent. And in this conclusion we are aided by the provisions of the 1911 and 1927 acts which have been amended as previously indicated. We think the legislature clearly intended to retain for the workman

his right to take compensation from his employer under the workmen's compensation act and to grant him the additional remedy of a damage action against the negligent third party.

Where the legislative intent to grant more than one remedy clearly appears we need not search for the reason, or reasons, which may have prompted such intent. Appellants emphasize the fact that the judgment in the damage action was for all damages sustained. They argue it would constitute double recovery to permit the workman to also recover compensation for the same injury. If some double compensation actually results we know of nothing to prevent the legislature from authorizing its recovery from two parties where the liability of one party arises under the compensation law, which is a liability arising on contract (*Moeser v. Shunk,* 116 Kan. 247, 226 Pac. 784), and the other from an invasion of common-law rights. Moreover while there is only one injury the items of damage recoverable under each remedy are not entirely identical. There are various items of actual and serious damage resulting from an accident such as that here involved which are in nowise recoverable under the workmen's compensation act. For example, $500 is the maximum allowance in extreme cases under the act for medical, surgical and hospital treatment. (G. S. 1945 Supp. 44-510.) In many cases that amount is wholly inadequate. Nor does the compensation act provide any recovery for the most serious forms of bodily or facial disfigurement, for embarrassment occasioned by disfigurement, or for shock to the nervous system, except as it results in disability to perform the particular labor in question. The act provides no compensation for the most excruciating pain and suffering. Moreover, the workman cannot retain the full amount of his judgment for damages. He is obliged to pay the expenses and attorney's fees incident to the recovery of such a judgment. Manifestly, we cannot arbitrarily say the legislature was unmindful of these various facts. On the contrary we are obliged to believe it was conversant with the inadequacy of the compensation law to provide full and complete recovery for all damages sustained. The workmen's compensation act was designed to compensate the workman only for such injuries, and to the limited extent, for which the legislature believed the industry should be responsible as a part of the costs incident to the operation thereof. Why should a workman, simply because he is employed in an industry covered by that act, be penalized by being denied the right to recover damages resulting

from the negligent acts of a third party when the workman has inadequate relief under the compensation act for injuries suffered? We are persuaded the legislature intended he should not be so penalized. With the wisdom of such legislative policy courts are not concerned. (*Denton v. West,* 156 Kan. 186, 131 P. 2d 886.)

The fact a workman has received compensation from his employer for the same injury constitutes no defense, or partial defense, to a negligent third party in an action against him by the workman for damages. (*Moeser v. Shunk,* supra; *Long v. American Employers Ins. Co.,* 148 Kan. 520, 525, 83 P. 2d 674.) By the same token, in the absence of a statute to the contrary, why should it be a defense to an employer that the workman has been compensated for damages caused by a negligent third party.

Having determined it was intended to grant the workman the additional remedy to pursue his rights against the third party tort-feasor, what limitation, if any, does the present act impose upon his right to retain his recovery in such action? Here again it is well to observe that under the 1911 and 1927 acts equitable adjustment was required to be made between the employer and employee in case of recovery of damages against a negligent third party. (*Long v. American Employers Ins. Co.,* supra, 525, 526; *Krol v. Coryell,* 162 Kan. 198, 202, 175 P. 2d 423.) It has been seen the 1927 act contained an express provision for equitable adjustment between the employer and employee where the employee elected to take under the compensation act and the employer was authorized to proceed against the negligent third party. That act provided:

". . . and such employer may enforce in his own name, or the name of the workman; the liability of such other party *for their benefit as their interests may appear."* (G. S. 1935, 44-504.) (Our italics.)

No such provision for equitable distribution is made in the present law for the protection of the employee, as his interest may appear, out of the recovery had by an employer in an action for damages against the tortfeasor. For this reason it has been determined that if the employee fails to institute the damage action and the employer does so the employer may now recover only what he has been required to pay out in the form of compensation and medical aid. (*Krol v. Coryell,* supra, 205.)

The instant action was instituted by the workman. The only provision in the present law pertaining to the employer's rights in the recovery made by the workman is— —

"In the event of recovery from such other person by the injured workman, or the dependents or personal representatives of a deceased employee by judgment, settlement or otherwise, *the employer shall be subrogated to the extent of the compensation and medical aid provided by him to date of such recovery and shall have a lien therefor against such recovery and the employer may intervene in any action to protect and enforce such lien."* (G. S. 1945 Supp. 44-504.)  (Our italics.)

As previously stated, the employer did not intervene in that action. No order, right or wrong, determining the employer's rights in the recovery was made in that action and hence no such judgment is now before us for review. Appellants concede no medical aid had been furnished by them until after the workman obtained his judgment in the damage action. In the compensation case, the only case now before us, the district court determined the total compensation due for the injury sustained and credited appellants with the full amount of compensation previously paid in the sum of $774.

It appears the district court approved the decision and the theory of the commissioner, which were:

". . . there is nothing which prevents the claimant from recovering both compensation from his employer and damages from the negligent third party, *in the event that the respondent and insurance carrier have knowledge of the third party action and do not make a timely intervention."* (Our italics.)

We approve the first portion of the above quotation but not the italicized reason therefor. We approve the decision with respect to the workman's right to recover compensation subsequent to the damage judgment for the reason that to hold otherwise would be tantamount to saying the damage action by the workman constituted an election of remedies. To hold such action constituted an election of remedies would violate the intent of the present law.

Appellants concede decisions under statutes of other states are not sufficiently similar to be helpful. While the instant decision is, of course, based on our own statute, parties interested in the subject generally will find it ably discussed in Horovitz on Workmen's Compensation, pp. 339-341, and 3 Schneider's Workmen's Compensation Text, §§ 834, 835.

While the instant case is governed by G. S. 1945 Supp. 44-504, it may be well to call attention to the fact that this statute was again amended in 1947 (senate bill 322) in such manner as to again permit the employer, where no damage action is brought by the workman, to enforce the damage action in his own name or in the name of the workman's dependents or personal representatives *for*

*their benefit as their interest may appear.* No change, however, was made in that portion of the 1938 law now before us pertaining to the right of the workman to recover both workman's compensation and damages from a negligent third party. In the instant case the workman brought the damage action. In order to avoid any room for misunderstanding it may be well to state appellants have expressly informed us that the question of the enforcement of their statutory lien on the recovery of damages by the workman is now being litigated in another action and that the only question involved in the instant appeal is whether:

"The court erred in awarding claimant compensation for disability subsequent to February 1, 1946, for the reason that on said date claimant recovered a judgment against a negligent third party for damages for the identical personal injuries which resulted in the disability for which the court awarded compensation."

As previously indicated, we think the trial court did not err. If we held otherwise a workman might in some cases realize less than he could recover under the compensation law alone. Such a result would be clearly indicated in the instant case if the workman had recovered a judgment for damages in the sum of only $1,000 or any other amount less than is recoverable under the compensation act. We think the legislature did not intend such a result.

The judgment is affirmed.

Hoch, J., not participating.

Burch, J. (dissenting): The result reached "runs riot" with my reasoning. Although I have sincere respect for the legal logic in the majority opinion, I cannot conclude that the legislature intended to permit employees operating under the workmen's compensation act, and their dependents, to recover a larger amount of damages than any other class of people in the state. If I comprehend correctly the court's opinion, it must follow by analogy therefrom that at the time the accident occurred a widow of a workman could have recovered in a common-law action damages in the amount of $10,000 (G. S. 1935, 60-3203, later amended), and in addition workmen's compensation benefits in the amount of $4,000 plus burial expenses in the amount of $150, or a total of $14,150. (G. S. 1945 Supp., 44-510), while at the same time the widows of most of the members of the legislature would have been limited to recovery of $10,000. Moreover, it must follow from parallel reasoning that

480

the legislature intended that a man who was injured by reason of the negligence of a third party could recover damages unlimited in amount by statute in a common-law action against such party, but that if he was a workman under the compensation act and suffered permanent total disability, for example, he could recover in addition thereto not to exceed $7,488 plus medical, surgical and hospital bills not exceeding $500. (G. S. 1945 Supp., 44-510, *supra*.) If the legislature enacted a statutory provision authorizing such additional recoveries by workmen or their dependents, then in my opinion, it did so unintentionally. If the thought be sound, then it must simply follow that such was not the intent of the legislature. The deduction would not be warranted, of course, if the statute were free from ambiguity. But the statute is not free from ambiguity. And my opinion is not based solely on the simple deduction above set forth.

In *Krol v. Coryell,* 162 Kan. 198, 175 P. 2d 423, this court construed the same statute which is before us now for consideration in this case. In the cited case we recognized that the statute was silent on the extent of the employer's subrogation rights arising by the statutory assignment. The same statute also is silent on the extent of the employer's subrogation rights which may develop subsequent to the date when a workman obtains a judgment against a third party. The opinion in the cited case reads:

"On the contrary, without judicial welding it permits the employer to speculate upon the misfortune of his employee, it allows him to unjustly enrich himself at the expense of a third party, and in effect results *in a violation of the fundamental principles of the law of subrogation,* the very source from which springs the right of an *employer* ever *to recover what he had been out of pocket because of injuries suffered by his employee at the hands of a third person."* (p. 204.) (Emphasis supplied.)

Basing our reasoning upon the fundamental principles of the law of subrogation, we read into the statute, in substance, a provision to the effect that an employer's recovery is limited to expenditures made by the employer. But in this case, when again the statute "is wholly silent on the subject of equitable contribution or distribution between such parties . . ." we hold that the employer cannot be entitled to recover as his interest may appear under the "fundamental principles of the law of subrogation." Thus, the silence of the legislature upon the subject of equitable contribution was construed in *Krol v. Coryell,* supra, as requiring that the

fundamental principles of the law of subrogation be followed but the silence of the legislature in the same statute in the present case is now construed as defeating the fundamental principles of the law of subrogation. However, inconsistency is not a basis for decision, and I cite the case—not for the purpose of emphasizing its inconsistency with the present case, but because I think the cited case follows the rule which should control the present case.

It is apparent to me that the legislature inadvertently omitted giving comprehensive consideration to some of the elements involved when it enacted G. S. 1945 Supp., 44-504. The statute is not complete within itself and, therefore, a court should look within the spirit of the statute and not be confined "within the letter, . . . of it." In the early *Prohibitory Amendment Cases,* 24 Kan. 700, 716, Mr. Justice Brewer quoted from Coke's Inst., as follows:

"It is an old and familiar doctrine that that which is within the spirit of the statute, though not within the letter, is a part of it; as well as that which is not within the spirit, but within the letter, is not a part of it. *Quaecunque intra rationem legis inveniuntur, intra legem ipsam esse judicantur.* (2 Coke's Inst. 689.) It will not be presumed that the legislature went through the form of legislative action, intending nothing. (*City of Emporia v. Norton,* 16 Kas. 236.) or that it made incomplete provision for carrying its intention into effect."

Later, Mr. Justice Valentine, in *Shellabarger v. Comm'rs of Jackson Co.,* 50 Kan. 138, 141, 32 Pac. 132, wrote:

"Where it reasonably appears what was the intent of the legislature, the statute will be construed so as to effect that intent, although contrary to the letter of the statute. (*In re .Vanderberg,* 28 Kas. 243, 258; Sedg. Stat. Constr. [2d ed.] 254, 255, note; *Canal Co. v. Railroad Co.,* 4 Gill & J. 152; *Brown v. Somerville,* 8 Md. 444, 456; *City of Wichita v. Burleigh,* 36 Kas. 34, 42; *People v. Utica Ins. Co.,* 15 Johns 358; same case, 8 Am. Dec. 243, 251; *Pond v. Maddox,* 38 Cal. 572; *Amberg v. Rogers,* 9 Mich. 340; *The State v. Boyd,* 2 Gill & J. 365, 374; *Car Spring Co. v. Railroad Co.,* 11 Md. 81; same case, 69 Am. Dec. 181; *United States v. Freeman,* 3 How., U. S. 556, 565; *Murray's Lessee v. Baker,* 3 Wheat., 541; *Oates v. National Bank,* 100 U. S. 239; *United States v. Kirby,* 7 Wall. 483, 486, 487.)"

It is evident to me that if the legislature had intended that a workman or his dependents, under the workmen's compensation act, should have the right to take compensation under the act, and pursue his or their remedy against some person other than the employer, and that the employer should be subrogated *only* "to the extent of the compensation and medical aid provided by him to date of such recovery" and *no more,* the legislature would have said so in certain

terms and there would have been no occasion for construction of the statute. The section of the statute should be construed as a whole. The statute provides that the employer shall be subrogated to the extent of the compensation and medical aid provided by him to the date of the recovery against a third party. One inference to be drawn therefrom is that the legislature intended that in the event the employee recovered damages in a common law action against a third party, the employee would not be entitled to any additional compensation from the employer and that, therefore, it was necessary only to protect the employer "to the extent of the compensation paid and medical aid provided by him to date of such recovery." I cannot believe that it was the intent of the legislature to have the extent of the employer's subrogation rights determined by the time within which the employee might recover against a third party unless it was also the intent of the legislature to relieve the employer from further liability in the event of such recovery. To hold otherwise requires us to asume that the legislature desired to favor an employee who quickly recovered against a negligent third party and penalize an employee who was not so diligent. There could be no legislative purpose in inducing an employee to act with rapidity by increasing the employer's right of subrogation in the event of delay. It also seems reasonably clear to me that the legislature was not attempting to induce an employer to make a lump sum settlement in order to have complete subrogation rights. Such a conclusion would be contrary to the letter and spirit of other provisions of the workmen's compensation act and would make the remaining provisions of the statute under consideration unreasonable.

The statute continues:

"Such action against the other party, if prosecuted by the workman, must be instituted within one year from the date of the injury, and, if prosecuted by the dependents or personal representatives of a deceased workman, must be instituted within eighteen months from the date of such injury. Failure on the part of the injured workman, or the dependents or personal representatives of a deceased workman to bring such action within the time herein specified, shall operate as an assignment to the employer of any cause of action in tort . . . ." (G. S. 1945 Supp. 44-504.)

If the legislature had intended to allow the employee to take all compensation benefits and recover also all damages allowed by law in a third party action, it certainly would not have enacted the subrogation and assignment provisions in the remaining portion of

the section. If the employee is entitled to have both workmen's compensation and common law damages, the employer would have no interest in whether the employee brought an action to recover for the negligence of a third party. In such circumstances, the cause of action for negligence would be a matter of no concern to the employer. Such a result would follow from the holding in this case if it were possible for the employee to obtain the judgment in the common law action before he accepted any compensation benefits. If it was the intent of the legislature to penalize an employer in the event an employee acted promptly in obtaining a judgment against a third party, then why did the same legislature provide for the assignment of the employee's right of action after one year? It is obvious that the legislature assumed the employer's right of subrogation should exist at all times—both before and after the assignment of the employee's right of action. The legislature did not intend that an employee would be paid a premium or that the employer should suffer a penalty based upon the order or of the timing of procedure. And the legislature did not intend to limit or eliminate the employer's right of subrogation by the provision which reads: "The employer shall be subrogated to the extent of the compensation and medical aid provided by him to date of such recovery." Such provision establishes the subrogation right of the employer upon the presumption that the employee will not recover further compensation, but it does not say that the employer is denied further subrogation rights if the employee seeks further compensation from the employer. There is no basis for distinction between compensation benefits paid to an employee before he recovers in an action against a third party and compensation benefits which might be paid to an employee after he has successfully or unsuccessfully prosecuted an action against a third party. The character of the subrogation rights is the same in each instance. Why should an employer be allowed to recover, by subrogation, money paid out in advance of a third party action and not be permitted to recover money paid out after a third party action was concluded? The legislature never intended that such a distinction should develop from construction of the statute. From such reasoning, if such it be, I reach the conclusion that the legislature either contemplated that an employee's recovery against a negligent third party would bar the employee from recovering further compensation, or that the legislature failed to contemplate subrogation rights

of an employer arising after a negligence action had been concluded, or more probably intended that if any such subrogation rights should develop, that the employer would be subrogated at all times to the extent of his interest.

I am well aware of all that is said in the majority opinion relative to legislative history and I realize that much force must be given to the fact that the legislature left out of the present statute the language contained in the former statute, G. S. 1935, 44-504, reading:

". . . such employer may enforce in his own name, or the name of the workman, the liability of such other party for their benefit *as their interests may appear.*" (Emphasis supplied.)

But as hereinbefore indicated, I think that the legislature contemplated that the employer would not have any interest beyond "the extent of the compensation and medical aid provided by him to date of such recovery," or failed to comprehend that an employer might be forced to pay compensation after an employee had recovered a judgment against a third party. And I think that the fundamental principles of the law of subrogation require this court to read again into the statute the intent of the legislature that the employer is entitled at all times to recover by subrogation to the extent of his interest, as the court did in *Krol v. Coryell,* supra. The authorities herein set forth justify reading such intent into the statute even though it is not expressed in the statute. The spirit of the statute demonstrated by the legislative desire to protect the employer's right of subrogation at all times by providing for the assignment of the negligence action is, in itself, sufficient to show such legislative intent. My conclusion in such respect is fortified by the amendment of the section of the statute under consideration, by the legislature in 1947 (same being Senate bill 322, Laws 1947, ch. 287, § 1). The new statute, after providing for action being brought by the employer against a third party in certain circumstances, now reads:

". . . such employer may enforce same in his own name or in the name of the workman, dependents or personal representatives for their benefit *as their interest may appear* by proper action in any court of competent jurisdiction." (Emphasis supplied.)

Thereby the 1947 legislature has demonstrated that it did not intend, prior to the 1947 amendment, to deprive the employer of his right to recover subrogation as his "interest may appear." We are deciding the present case after the amendment of the statute by the 1947 session of the legislature. The legislature has power, in the

absence of an intervening court decision to the contrary, to indicate by a later act what its intention was in passing an earlier one (see *State v. Shawnee County,* 83 Kan. 199, 110 Pac. 92, and *Prudential Ins. Co. v. Patten,* 140 Kan. 708, 38 P. 2d 143, and cases therein cited). I do not agree with the statement in the majority opinion to the effect that no change was made by the 1947 amendment which pertains to the right of a workman to recover both workmen's compensation and damages from a negligent third party. The statement in the opinion is correct insofar as it asserts that there appears to be no express change made by the 1947 amendment. But in my opinion the spirit and intent which I read into the statute are amplified by the amendment. In passing the amendment, the legislature did not provide that the interest of the employer which "may appear" should be limited and restricted to the amount the employer has paid at the time the employer may obtain judgment against a third party if the employee intends to seek additional compensation from the employer. And I think the legislature, by the amendment, has indicated its intent that "equitable adjustment" should be read into the statute by again inserting therein "as their interest may appear." To hold otherwise would restrict the meaning of the words to an impractical and unjustified extent. The result of holding otherwise and the complications which follow can be shown clearly by illustration. Let it be assumed that an employee, under the statute as amended, had obtained an award against an employer based upon permanent, total disability in the amount of $7,488, payable at the rate of $18 a week for a period of eight years from the date of the injury, as provided by G. S. 1945 Supp. 44-510, *supra,* and that the employee failed to bring any action within one year against the negligent third party. As a consequence, the right of action against the third party passed, by statutory assignment, to the employer. Assume further that the employer recovered a judgment against the third party for $10,000 and collected that amount and that such judgment was obtained and collected at the end of approximately two years from the date of the accident; that during such interval of 104 weeks the employer had paid to the employee at the rate of $18 a week the sum of $1,872 and had not paid the balance of the $7,488. In such circumstances I cannot bring myself to think that the legislature intended by again inserting into the statute that the employer could bring the action for their benefit "as their interest may appear," that the employer's interest in the

judgment against the third party would be limited to the amount of $1,872, and that the employer must continue to pay the balance of the compensation award to the claimant and also pay over to him the remaining balance of the $10,000 recovered from a negligent third party. In such an instance, the actual interest of the employer would not appear to be limited to $1,872. Again it should be said that surely the legislature did not intend that the interest of the employer should be affected by the judgment being obtained earlier or later as follows from the construction given to the statute in the majority opinion. From a practical standpoint, it should be noted further that if the legislature intended to induce an employee to make an early, quick settlement with a negligent third party in order to shut off the subrogation rights of the employer at the time the settlement was made, then the legislature, in fact, was indirectly aiding the negligent third party in obtaining a settlement for a less amount than the circumstances might justify. The legislature never intended to favor a negligent third party. All of such inconsistencies, I think, arise by analogy from the construction of the statute set forth in the majority opinion but they disappear if the statute is construed within its spirit of equitable distribution. I am not convinced to the contrary by the reasoning set forth in the majority opinion to the effect that a workman may recover damages in a common law action for which he would not be compensated under the limited recovery allowed by the workmen's compensation act. The contention is correct but I respectfully inquire: Does not the reasoning run in reverse in this case? We do not have before us a case in which the workman recovered all of the compensation to which he was entitled and then sought to obtain additional damages in a common law negligence action against a third party. In this case the workman recovered, theoretically at least, all of the damages to which he was entitled in the common-law negligence action and then sought to recover workmen's compensation in addition thereto. All of the elements of damage for which the workmen's compensation act allows recovery are also a basis for recovery of damages in a common-law action. Consequently, in theory, it makes no difference in the present case whether the amount which a workman can recover under the workmen's compensation act is in some cases wholly inadequate. I am unable to comprehend wherein the element of attorney's fees has particular significance in this case. Of course, any litigant is confronted with the problem of

having to pay an attorney fee. A claimant, under the workmen's compensation act, usually has to pay an attorney fee in the event of litigation. The principle is the same whether the action be one to recover workmen's compensation benefits or damages at common law. The court is concerned only with the principle involved and not with the percentage of the recovery which may be paid out in fees. I see no similarity between the situation which exists in this case and in cases in which a negligent third party seeks to assert, as a defense, that compensation has been paid, as set forth in the majority opinion. Under the theories justifying the enactment of workmen's compensation laws, the employer is required to pay compensation to an employee regardless of whether the employer was negligent, and, therefore, is entitled to subrogation when the accident is attributable to the negligence of another. Such an element does not arise in cases wherein recovery is sought against the negligent third party, and, therefore, such cases do not have any application or analogy to the present case.

This is not a case in which the workman has recovered in a common-law action less than he could recover under the workmen's compensation law. The contrary is true. The workman has recovered by reason of a paid judgment the sum of $6,000 in the instant case. The total amount of the award for compensation is $5,862.96. Therefore, we do not have before us an instance in which the question should be decided whether an employee would be entitled to recover additional compensation when the amount of his recovery in a common-law action is less than he is entitled to receive under the workmen's compensation act. In the instant case, the district court approved the findings and the award entered by the commissioner and the commissioner credited the appellants with only the amount of $774 which had been previously paid by the appellants, and thereby the compensation commissioner and the district court denied to the appellants any subrogation rights whatever in and to the $6,000 which the appellee had collected from a third party. The question really presented in this case, therefore, is whether an employee can recover additional compensation benefits without the employer being credited with the amount the employee recovered in a common-law action. In other 'words, the question actually being decided is whether the employee must credit the employer, who is liable to pay workmen's compensation, with the amount the employee has recovered from a third party, and the

court, from a factual standpoint, is deciding such question. Appellants' brief reads:

"The sole question posed by the appeal is: Does the Kansas Workmen's Compensation Act authorize a claimant to take *full* compensation for disability subsequent to the date on which the claimant recovers judgment against a negligent third party for damages for the identical personal injuries which result in the disability for which compensation is claimed?" (Emphasis supplied.)

In my opinion, there is a great difference between the question whether a workman may have *any* subsequent recovery of workmen's compensation and the question whether a workman can recover *full* compensation for disability after he has obtained a judgment against a negligent third party without giving the employer any credit for the amount of the judgment. In my view, the fact that the appellants did not intervene in the common law action is of little or no consequence in considering the question presented. We are not concerned with the appellants' possible lien rights although the legislature, by providing for the same, indicates an intent to protect the employer's subrogation rights at all times even before a statutory assignment occurs.

As I read the majority opinion, it in effect construes the involved statute so that it permits a double recovery to workmen and their dependents in some instances, and makes a general statutory law pertaining to limitation of damages in death cases inapplicable to dependents of claimants operating under the workmen's compensation act. I do not discuss any constitutional complications which may arise from such construction because they were not presented by the appeal. The judgment of the district court should be reversed in this case.