No. 37,795

WARREN A. WATKINS, Executor of the estate of Maude A. Watkins, Deceased, *Plaintiff* and *Appellee*, v. BEN W. BICKEL, doing business as Ben's Bus Line, and THE NATIONAL MUTUAL CASUALTY COMPANY OF TULSA, OKLAHOMA, *Defendants* and *Appellants*.

(215 P. 2d 170)

Opinion filed February 28, 1950.

*I. H. Stearns* and *E. P. Villepigue,* both of Wichita, were on the briefs for appellants.

*John E. Boyer,* of Wichita, argued the cause, and *George J. Hondros* and *Paul J. Donaldson,* both of Wichita, were with him on the briefs for appellee.

The opinion of the court was delivered by

PRICE, J.: This is an appeal from an order overruling a demurrer to a petition in an action brought under the "wrongful death" statute.

The question presented is this:

When the injury which resulted in death occurred while G. S. 1945 Supp. 60-3203 was in effect but death occurred after the passage and effective date of G. S. 1947 Supp. 60-3203, should the action be brought under the former statute or under the statute as amended?

The facts as disclosed by the petition recite that on July 10, 1946, the deceased sustained personal injuries in an automobile collision on account of the alleged negligence of one of the defendants and that as a result of such injuries she died on November 30, 1947.

The action is for damages in the amount of $15,000, and included as elements thereof are mental anguish, suffering and bereavement, loss of society, companionship and protection and loss of attention, advice and counsel to the next of kin of the deceased.

Defendants moved to strike from the petition that portion seeking damages in the amount of $15,000, and those elements of damage above recited. This motion was overruled, whereupon defendants filed a general demurrer on the ground that the petition failed to state a cause of action in favor of plaintiff and against defendants or either of them. This demurrer was overruled.

On July 10, 1946, the date of the injuries, G. S. 1945 Supp, 60-3203 was in effect and reads as follows:

"When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter or his personal representative if the former might have maintained an action had he lived against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages cannot exceed ten thousand dollars and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased."

In 1947 this statute was repealed and the following statute, which now appears as G. S. 1947 Supp. 60-3203, was enacted. It became effective June 30, 1947.

"When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter or his personal representative if the former might have maintained an action had he lived against the latter for an injury for the same act or omission. The action must be commenced within two years. In any such action, the court or jury may award such damages as may seem fair and just under all the facts and circumstances, but the damages cannot exceed fifteen thousand dollars and must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased. Damages may be recovered hereunder for, but not limited to: (a) Mental anguish, suffering or bereavement; (b) loss of society, companionship, comfort or protection; (c) loss of marital care, attention, advice, or counsel; (d) loss of filial care or attention; and (e) loss of parental care, training, guidance or education."

It will be seen that the 1947 law increased the amount of damages recoverable to $15,000, and included therein recovery for mental anguish, suffering or bereavement; loss of society, companionship, comfort or protection; loss of marital care, attention, advice or counsel; loss of filial care or attention; and loss of parental care, training, guidance or education. Under the former statute recovery

was limited to the financial loss resulting to plaintiff in an amount not exceeding $10,000. *Smith v. Bassett,* 159 Kan. 128, 152 P. 2d 794; *Krol v. Coryell,* 162 Kan. 198, 204, 175 P. 2d 423.

Defendants contend that this action must be brought under the statute in force at the time the deceased sustained her personal injuries and thus recovery would necessarily be limited to the financial loss sustained and in an amount not exceeding $10,000.

On the other hand, plaintiff contends that the cause of action did not accrue until the death of the deceased on November 30, 1947, which was five months subsequent to the effective date of the 1947 statute, and he further argues and cites authorities to the effect that the 1947 amendment is merely remedial in nature and may operate retroactively so as to enable him to bring the action under the latter statute although the injuries were sustained prior to its enactment and effective date.

We do not consider it necessary to go into the question whether the 1947 amendment is remedial in nature for the reason that it is impossible to see how an action could be brought for the alleged wrongful death until death has occurred. Both statutes read:

"When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter or his personal representative if the former might have maintained an action had he lived against the latter for an injury for the same act or omission. The action must be commenced within two years. . . ."

If death had occurred while the former statute was in force but the action not commenced until after the passage and effective date of the new statute the question of the latter merely providing a change of remedy would be pertinent. True, the alleged "wrongful act or omission" occurred before the passage and effective date of the 1947 statute, but no cause of action for the resulting death could accrue until the happening of that event, and when death occurred the new statute had been in force for some five months. This action was commenced by the personal representative of the deceased not only within two years from the date of death but within two years from the date of the injuries, and we have no difficulty in holding that the cause of action did not accrue until the death of the deceased and that the action was properly brought under G. S. 1947 Supp. 60-3203.

From what has been said it follows that the ruling of the lower court was correct and the judgment is therefore affirmed.