No. 39,468

JAMES N. SNYDER, Administrator of the Estate of Annie Jones, Deceased, *Appellant*, v. EDNA RUSSELL, *Appellee*.

(276 P. 2d 883)

Opinion filed November 13, 1954.

*James N. Snyder*, of Leavenworth, argued the cause and was on the briefs for the appellant.

*Homer Davis*, of Leavenworth, argued the cause, and *Lee Bond*, of Leavenworth, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This was an action by the duly appointed personal representative of a deceased person to recover damages under the wrongful death statute. Plaintiff recovered but has appealed because dissatisfied with the amount of the verdict.

On the morning of December 15, 1952, while walking on a public sidewalk, Mrs. Annie Jones, a resident of the city of Leavenworth, who was either sixty-seven or sixty-eight years of age died instantaneously when she was struck by an automobile, which was out of control and operated by the defendant, Edna Russell. Mrs. Jones died intestate and left surviving her as her sole and only heirs at law an estranged husband, William Emanuel Jones, of like age, and a married son, Earl Johnson, who was forty-eight years old and had been living in Omaha, Nebraska, for more than twelve years. Shortly after her death James N. Snyder, an attorney of Leavenworth, was appointed as administrator of her estate and brought action against the defendant, under the provisions of G. S. 1949, 60-3203, to recover damages for her wrongful death.

With pleadings joining issue on the question of whether the death of the deceased intestate was caused by the carelessness and negligence of the defendant in operating her automobile the cause

came on for trial by jury in the district court of Leavenworth county. After introduction of evidence by the parties the jury was given instructions, to which no objections were made, and then retired to the jury room to deliberate on its general verdict and make answer to a submitted special interrogatory. Thereafter it returned a general verdict in favor of the plaintiff and against the defendant for the sum of $1,662.60, along with the special interrogatory and the answer thereto, which read:

"Did William Emmanuel Jones and Earl L. Johnson suffer damages by reason of the death of Annie Jones for any of the following (Answer yes or no and place amount you allow, if any):

"a. Mental anguish: yes $250.00
"b. Suffering and bereavement: yes $250.00
"c. Loss of society: yes $250.00
"d. Companionship: yes $250.00
"e. Comfort and Protection: No $ nothing
"f. Marital care, attention, advice and counsel: no $ nothing
"g. Filial care and attention: no $ nothing
"h. Parental care, training, guidance and education: no $ nothing
"i. Funeral expenses: yes $499.80
"j. Cemetery expenses: yes $156.80
"k. Ambulance expenses: yes $6.00."

Following action as heretofore related the jury was discharged. Thereupon plaintiff, who was not satisfied with the verdict, filed a motion for a new trial and a motion for judgment *non obstante veredicto*. Thereafter the trial court overruled these motions, approved the general verdict, and rendered judgment for the amount of such verdict in favor of plaintiff and against the defendant. Plaintiff then perfected the instant appeal.

Upon careful analysis of the entire record we are convinced the only issue subject to appellate review in this case is whether the trial court erred in overruling a motion for new trial, on the hearing of which the appellant (plaintiff) contended he was entitled to that relief because the amount of the verdict returned by the jury in his favor was so insufficient and inadequate as to compel the sustaining of that motion.

Specifically, appellant contends the verdict is grossly insufficient and inadequate and on its very face shows passion and prejudice by the trial jury. However, the gist of all contentions advanced by him in support of his position is that under the evidence of record appellant was entitled to a verdict for a far greater amount than that returned by the jury, hence the trial court erred in refusing to

set it aside because of its gross insufficiency and inadequacy. We shall dispose of the cause on that basis.

At the outset we deem it advisable the extent of recovery contemplated by our statute, G. S. 1949, 60-3203, permitting actions for wrongful death, should be given consideration. So far as here pertinent it reads:

". . . In any such action, the court or jury may award such damages as may seem fair and just under all the facts and circumstances, but the damages cannot exceed fifteen thousand dollars and must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased. Damages may be recovered hereunder for, but not limited to: (*a*) Mental anguish, suffering or bereavement; (*b*) loss of society, companionship, comfort or protection; (*c*) loss of marital care, attention, advice, or counsel; (*d*) loss of filial care or attention; and (*e*) loss of parental care, training, guidance or education."

Prior to the amendment of the foregoing statute in 1947 (see chapter 319, laws of 1947) the measure of damages recoverable under its terms was the pecuniary loss sustained by the statutory beneficiaries (See *Pattrick v. Riggs,* 148 Kan. 741, 84 P. 2d 840; *Cruse v. Dole,* 155 Kan. 292, 124 P. 2d 470; *Smith v. Bassett,* 159 Kan. 128, 152 P. 2d 794; *Krol v. Coryell,* 162 Kan. 198, 204, 175 P. 2d 423). By the enactment of the amendment, and as the law now stands, the legislature provided the other additional elements, identified in the foregoing quotation as (a) to (e) inclusive, should be considered and might be allowed by a jury if established by evidence (See *Hadley v. Security Elevator Co.,* 175 Kan. 395, 398, 264 P. 2d 1076).

Upon examination of the foregoing statute and decisions it becomes clear, contrary to some of the suggestions advanced by appellant that, standing alone and in and of itself, wrongful death resulting from the negligent act of another does not warrant recovery under the provisions of G. S. 1949, 60-3203, and that the recovery contemplated by its terms is limited to the damages sustained by the beneficiaries named therein for the pecuniary loss and other items therein specified.

Having determined the elements on which appellant could recover damages under the statute for and on behalf of the surviving estranged spouse and the forty-eight year old son of the decedent it becomes necessary to search the record in order to determine what evidence was before the jury when its verdict was rendered and considered by the trial court at the time of the overruling of the motion for new trial. Having made that search we are not dis-

posed to detail or labor the evidence. It suffices to say the record discloses:

1. That the decedent and her surviving spouse had been separated and living apart for considerably more than two years prior to the date of her death under conditions and circumstances which fully warranted the jury in finding that he had not sustained any pecuniary loss as a result of her death and would have justified it, if it had seen fit to do so, in finding that he sustained no mental anguish, suffering or bereavement; loss of society, companionship, comfort or protection; or loss of marital care, attention, advice or counsel, as a result of that unfortunate occurrence.

2. That so far as the elements on which he had a right to rely as the basis for recovery of damages for the wrongful death of his mother are concerned the only testimony of the surviving son was to the effect he was married, had a family, had been living in Omaha, Nebraska, for twelve years, was forty-eight years of age, and that he came down to Leavenworth about three or four times a year to see his mother, at which time he would bring her things. In addition it is to be noted he neither claimed nor made any attempt to establish that he had or would sustain any financial loss because of her death.

In the face of the foregoing evidence, although it may be conceded the amounts allowed by the jury as set forth in the answers to the heretofore quoted special interrogatory were quite nominal, we are unwilling to say that its return of a general verdict for the sum total of those amounts discloses passion or prejudice on its part or that under the confronting facts and circumstances such verdict was so grossly insufficient and inadequate that the trial court's action in overruling the motion for new trial constitutes reversible error.

The judgment is affirmed.