No. 35,766

HARRY T. HILL, THOMAS MURRAY and G. C. TURNER, *Appellees*, v. THE GRAND LODGE OF THE INDEPENDENT ORDER OF ODD FELLOWS OF KANSAS, *Appellant.*

(138 P. 2d 438)

Opinion filed June 12, 1943.

*J. B. Wilson,* of Lawrence, *J. L. Hunt, Lester M. Goodell, Margaret Mc-Gurnaghan, John H. Hunt* and *George M. Brewster,* all of Topeka, were on the briefs for the appellant.

*Harry W. Colmery,* of Topeka, was on the briefs for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This was an action to recover for services performed and expenses incurred by plaintiffs under an oral contract with defendant to manage certain real property. Defendant has appealed from an order overruling its demurrer to plaintiffs' second amended petition, contending the petition shows on its face that plaintiffs' cause of action is barred by the statute of limitations (G. S. 1935, 60-306, *second*). This is the sole question presented. We shall speak of the parties as they appeared in the trial court in this case.

The petition was filed July 22, 1940. The pertinent allegations of the second amended petition may be summarized as follows: Charles Abraham Haldeman, a resident of Anderson county, died September 4, 1932, leaving a will giving all his property (except one tract of land) to defendant. The estate bequeathed and devised to defendant consisted of personal property of the value of about $100,000 and about 1,800 acres of land situated in Kansas and Illinois. On September 23, 1932, plaintiffs were appointed administrators c. t. a. of the estate. They duly qualified as such and entered upon their duties as administrators of the personal property of the estate. The personal property was more than ample to pay all claims against the estate and costs of administration. (We interpolate: Under the facts stated and the law of this state at that time, plaintiffs, as such administrators, had nothing to do with the real property devised to defendant. Title to and right of possession

of the real property passed to defendant upon the probate of the will, notwithstanding an unsuccessful action to contest the will. [*Bradley v. Hill,* 141 Kan. 602, 42 P. 2d 580.].) The petition alleged that soon after plaintiffs were appointed as administrators a named, duly authorized representative of defendant, "made and entered into an oral agreement with these plaintiffs, under the terms of which the said defendant required the plaintiffs, and the plaintiffs jointly agreed, to manage, look after and care for the real estate which had been devised to the defendant under said will, until it could be sold or during the pendency of the administration of said estate." That pursuant to this contract plaintiffs proceeded to and did, from December, 1932, through the years 1933, 1934 and 1935, rent the real estate, keep it improved, pay the taxes and expend other necessary sums, all of the reasonable value and amount of $7,365.34, itemized statements of which were attached to the petition. Plaintiffs also proceeded with the administration of the estate up to and including the approval of their final report as administrators on November 18, 1935, and plaintiffs turned over said real estate to defendant in December, 1935. On the final report filed by plaintiffs as administrators they took credit for the expenditures and disbursements claimed for looking after the real estate, which claim was allowed by the probate court, from which allowance defendant appealed to the district court of Anderson county. That court made an order changing the venue to the district court of Coffey county, where the matter was duly tried and adjudicated on April 6, 1937. By this adjudication the court disallowed generally all matters relating to the management of the real estate which had been devised to defendant for the reason that plaintiffs, as administrators, had no jurisdiction over the real estate, the court stating in its ruling: "If there is to be an accounting with reference to the real estate, it is between the devisees and administrators, individually, and not in their official capacity." A copy of the journal entry of the judgment of the court was attached as an exhibit to the petition. Thereafter the administrators, in compliance with the order of the district court of Coffey county, filed an amended final report, which was approved by the probate court on July 12, 1937, showing a net amount of $97,653.58, which the probate court ordered plaintiffs, as administrators, to pay to defendant. Plaintiffs, as administrators, paid defendant $87,867.13 on July 30, 1937, and $3,951.63 on May 17, 1938, "leaving a balance of $5,834.82 which the defendant

claimed to be due it from the plaintiffs in their official capacity as administrators."

Thereafter and on July 10, 1937, plaintiffs, as individuals, commenced an action against defendant in the district court of Anderson county to recover on their claim as individuals for expenses and services in managing defendant's property. Defendant entered a special appearance and moved to quash the summons, which motion was sustained in November, 1937.

On June 3, 1938, defendant filed an action against plaintiffs, as administrators, in the district court of Douglas county to recover the balance of $5,834.82. To this petition the plaintiffs, as administrators and as individuals, filed a special appearance and motion to quash, which motion was sustained March 4, 1939.

On April 13, 1939, defendant filed an action against plaintiffs, as administrators, in the district court of Anderson county to recover the balance of $5,834.82. To this petition the plaintiffs herein filed an answer and a cross petition in which they sought to recover from defendant for the care, operation and management of defendant's real estate. Defendant, as plaintiff in that action, filed a motion to strike the cross petition as individuals for the reason that as such they were not parties and had no right to intervene. This motion was sustained June 29, 1939. About July 19, 1939, plaintiffs, as individuals, applied for leave to intervene in order that a complete and final determination could be made of the causes of action between the parties. This application was denied. On June 10, 1940, judgment was rendered in favor of defendant here against the plaintiffs, as administrators, for the amount of $7,004.

It is alleged that by reason of the facts and circumstances stated plaintiffs have expended $7,365.34 in the care and management of the real property; that defendant had recovered a judgment against plaintiffs, as administrators, in the sum of $7,004, making the total of $14,369.54, all of which plaintiffs have paid, or been required to pay, for the use and enrichment of defendant by reason of their having cared for and operated defendant's real estate, pursuant to the oral agreement. That in connection with the management of defendant's real estate plaintiffs received certain income therefrom, an itemized statement of which is attached, amounting to $6,905.04, leaving a balance due from defendant to plaintiffs of $7,464.30, for which the plaintiffs prayed judgment.

In a second cause of action plaintiffs incorporated each paragraph

of their first cause of action and alleged that at the time of the final settlement of the estate in the probate court, November 16, 1935, the court found and ordered that plaintiffs, as administrators, should be allowed as reasonable compensation for their services, in addition to all sums theretofore allowed to them for that purpose, the further sum of $16,200 and that plaintiffs, as administrators, should be allowed the further sum of $5,000 as reasonable attorneys' fees necessarily incurred by them in the administration of the estate. A copy of the judgment of the court was attached as an exhibit. That on April 6, 1937, by the judgment of the district court of Coffey county, these claims were disallowed, as shown by the journal entry of the court, a copy of which was attached to the petition. It was further alleged that acting as the agents and employees of defendant, pursuant to the oral agreement previously mentioned, and at its special instance and request, the plaintiffs expended much time and personal effort and rendered and performed a large amount of personal service in the care, operation and management of the real estate of defendant, for which they have not been paid. That a careful record of such expenditures had been kept, but had been destroyed by fire, and for that reason the nature, date and extent of the services cannot be stated with greater certainty, but plaintiffs allege that from the month of December, 1932, to the month of December, 1935, plaintiffs cared for, looked after, inspected, kept repaired, rented, kept insurance in force, paid taxes, purchased seed, marketed crops, and did and performed all things necessary to be done in the care, operation and management of the real estate of defendant, all of which work and services were of the reasonable value of $16,200; that in connection therewith plaintiffs found it necessary to engage the services of a lawyer, which services were of the reasonable value of $5,000. The prayer was for judgment for plaintiffs against defendant on the second cause of action for $21,200 with interest from December, 1935, and costs.

Since plaintiffs' action is predicated on an oral contract, the parties agree the three-year statute of limitations (G. S. 1935, 60-306, *second*) is applicable. Defendant contends the statute began to run in December, 1935, while plaintiffs argue it did not begin to run until before April or July, 1937. The contract pleaded was that plaintiffs were to manage and look after the real estate "until it could be sold or during the pendency of the administration of said estate." Plaintiffs alleged they proceeded to administer the estate

from the date of their appointment in 1932 "up to and including the approval of their final report as administrators on November 18, 1935, and thereafter until plaintiffs turned over said real estate to the defendant during the month of December, 1935." So, the administration upon the estate was closed and plaintiffs' management and care of defendant's real property ceased in December, 1935. We think it clear plaintiffs' cause of action arose at that time. They could have sued then. See *Bruner v. Martin,* 76 Kan. 862, 93 Pac. 165; *Emanuel Home v. Bergin,* 127 Kan. 593, 274 Pac. 284; *Cole v. Emerson,* 133 Kan. 442, 1 P. 2d 249, and authorities cited therein. Plaintiffs point out that defendant appealed from the final account of the administrators, approved by the court November 18, 1935, and that this appeal was not finally adjudicated until in 1937. This appeal involved only questioned items in the final account of plaintiffs as administrators. The actual administration upon the estate had been closed, except the ultimate approval of the final account, and plaintiffs had turned over the real estate to defendant. At that time their relations to the real property and as managers and caretakers of the same for defendant terminated. They ceased to perform under their oral contract, and they became entitled to compensation for their services performed and expenses incurred under that contract. This action was not brought until more than four and one-half years later.

Plaintiffs contend the three-year statute of limitations was tolled by the allowance of their claim for the services and expenses here involved by the probate court, November 16, 1935, until the appeal from that order was reversed, April 6, 1937, and in support of this contention cite the annotation in 100 A. L. R. 253, where the annotator said:

"The allowance of a claim against a decedent's estate is generally regarded as sufficient to keep the claim good, regardless of any delay on the part of the claimant to take any further action toward its enforcement." (Citing cases.)

There is a similar statement in 34 C. J. S. 749, citing cases. We have examined the cases cited by these authorities. While they arose in different ways, they have to do with debts or financial obligations of some character which the decedent owed, or on which he was otherwise obligated at the time of his death, presented within the time authorized by statute and allowed by the court, but not paid or taken into account for payment for some years later and at a time when the debt would have been barred had it not been al-

lowed previously. In some cases the allowance of the claim was treated as a judgment which started anew the statute of limitations.

Here the decedent did not owe plaintiffs' present claim against defendant at the time of his death, and never was obligated to pay it. Neither did the claim arise out of the administration of the estate. It arose out of a private contract between plaintiffs and defendant made after the death of the decedent. It pertained to a matter that neither the probate court nor plaintiffs, as administrators of the estate, had anything to do with. Plaintiffs, as administrators, should never have presented it to the probate court, and the probate court had no authority to do anything with it except to dismiss it.

The effect of presentation, allowance or rejection of claims against an estate is discussed generally in 21 Am. Jur. 600, § 386, citing *Black v. Elliott,* 63 Kan. 211, 65 Pac. 215; *Thomas v. Williams,* 80 Kan. 632, 103 Pac. 772, and other authorities. We deem this discussion as not being directly pertinent, but there is nothing in it to sustain plaintiffs' contention on this point.

Plaintiffs make the general contention that the pendency of the various legal proceedings alleged in the second amended petition had the effect of tolling the statute of limitations to the extent that this action was not barred. In 34 Am. Jur. 194, in the discussion of legal proceedings which tolled the statute, it is said:

"It is well settled that the running of the statute of limitations against a cause of action is interrupted by the commencement of suit on that cause of action, and it is frequently held, sometimes by virtue of express statutory provision, that during the period of the restraint, incident to other legal proceedings which are of such a character that the law forbids one of the parties to exercise a legal remedy against another, the running of the statute of limitations is postponed, or, if it has commenced to run, is suspended. [Citing *Hutchinson v. Hutchinson,* 92 Kan. 518, 141 Pac. 589, where a mortgagee was enjoined for many years from foreclosing his mortgage, it was held the statute of limitations was tolled pending the injunction; and other cases.] The broad, general principle that the time during which a person is prevented from exercising his legal remedy by some paramount authority is not to be counted against him in determining whether his right is barred by the limitation statute is applicable."

In 37 C. J. 1039, 1040, the general rule is thus stated:

"Where a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right, even though courts are reluctant to acknowledge exceptions additional to those contained in the statute itself. . . . But in order that

the pendency of other proceedings shall have the effect to toll the statutes of limitations upon a cause of action, the proceedings must be such as to prevent enforcement of the remedy by action."

In *Harrison v. Scott,* 77 Kan. 637, 95 Pac. 1045, it was held:

"In order that the pendency of other proceedings will have the effect to toll the statute of limitations upon a cause of action the proceedings must be such as prevent the enforcement of the remedy by action." (Syl. ¶ 3.)

See, also, *Smith v. Comm'rs of Bourbon Co.,* 43 Kan. 619, 23 Pac. 642; *McDonald v. Symns,* 64 Kan. 529, 67 Pac. 1111; *Lindholm v. Heithecker,* 113 Kan. 96, 213 Pac. 671, and *Laupheimer v. Buck,* 137 Kan. 935, 22 P. 2d 949.

The fact that plaintiffs presented their claim against defendant involved in this action, which had nothing to do with their administration of the estate, to the probate court, which had no jurisdiction of such a claim, and the fact that the probate court erroneously considered and allowed it, did not prevent plaintiffs from bringing a suit against defendant in the district court, as they have done in this case.

Plaintiffs contend that the action brought by them as individuals in the district court of Anderson county on July 10, 1937, upon the same cause of action here involved, tolled the running of the statute of limitations. But no valid service was had upon defendant in that action and it was dismissed. When service of summons is quashed no action has been commenced, within the meaning of G. S. 1935, 60-311. (*Brock v. Francis,* 89 Kan. 463, 131 Pac. 1179; *O'Neil v. Eppler,* 99 Kan. 493, 495, 162 Pac. 211; *Vann v. Railway Co.,* 110 Kan. 799, 205 Pac. 607.) We think it has no bearing upon the statute of limitations.

Plaintiffs contend that the action brought by defendant against them as administrators in the district court of Douglas county, June 3, 1938, to recover the balance due from them as administrators, had the effect of tolling the statute. But no valid service was had upon the plaintiffs as administrators or as individuals in that action and it was dismissed on March 4, 1939. We think it had no bearing on the question of the statute of limitations.

Plaintiffs contend the action brought by defendant against them as administrators in the district court of Anderson county April 13, 1939, to recover money plaintiffs, as administrators, were still holding and which they had been ordered by the probate court to deliver to defendant, in which they filed a cross petition as individuals

upon the cause of action presented here, which cause of action was stricken by order of the court, and in which their motion to intervene as individuals so as to set up the cause of action presented here was denied, had the effect of tolling the statute of limitations. We think it had no such effect.

Respecting these separate proceedings, plaintiffs seek to invoke the benefit of our statute (G. S. 1935, 60-311), which reads:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, . . . may commence a new action within one year after the reversal or failure."

This could not apply to the appeal by defendant from the order of the probate court of November 18, 1935, for the reason, among others, that it was disposed of on April 6, 1937; there was still more than a year and a half of the original period of the statute of limitations—three years from December, 1935—left in which they could have filed the present action. (See *Jackson v. Oil & Gas Co.*, 115 Kan. 386, 222 Pac. 1114.) Neither could it apply to the action brought by plaintiffs against defendant in the district court of Anderson county July 10, 1937, for the reason, among others, that there was still left more than a year of the original three-year statute of limitations in which the present action might have been brought.

Plaintiffs argue that the action brought by defendant against them as administrators in the district court of Douglas county on June 3, 1938, to recover money which plaintiffs, as administrators, owed and which was not dismissed until March 4, 1939, bridged over the termination of the three-year original statute of limitations, which expired in December, 1938. We think that can have no such effect, not only for the reason that no valid service was had in that action, but for the further reason that it in no sense involved the controversy presented in this action.

Plaintiffs argue that the action filed by defendant in the district court of Anderson county against these plaintiffs, as administrators, on April 13, 1939, to recover the sum due from plaintiffs, as administrators, in which plaintiffs filed a cross petition as individuals, setting up the claim in this action, which cross petition was stricken in June, 1939, and in which, in July, plaintiffs' motion to intervene and set up their personal cause of action was denied, tended to toll

the statute of limitations, for the reason, among others, that the three-year statute of limitations had expired before their cross petition was filed or their claim to intervene was denied.

We take note of the fact that plaintiffs did not appeal from the judgment of the district court of Coffey county of April 6, 1937; nor from the order of the district court of Anderson county in November, 1937, quashing the service and dismissing the action brought by them against defendant; nor from the order of the district court of Anderson county of June 19, 1939, striking their cross petition in the action brought against them as administrators by defendant to recover the balance the probate court had ordered plaintiffs, as administrators, to pay defendant. All of these rulings became final.

In this court counsel for plaintiffs have filed an extended brief and cited many authorities. We have carefully considered all that is said in the brief and have examined the authorities cited. It would extend the opinion unduly to analyze these authorities. Many of them are from states where the statutes differ from our own. We find nothing in them that would require or justify a holding contrary to our views hereinbefore expressed.

The judgment of the court below is reversed with directions to sustain the demurrer.