No. 36,940

MARY ELAM, a widow, *Appellant*, v. M. BRUENGER and LEONA BRUENGER; M. BRUENGER and LEONA BRUENGER, doing business as ARKANSAS VALLEY PRODUCE COMPANY, and NORMAN GOULDING, *Appellees*.

(186 P. 2d 248)

ROBERT L. NESMITH, judge. Opinion filed November 8, 1947.

*Jacob A. Dickinson* and *David Prager*, both of Topeka, argued the cause, and *Edward Rooney*, of Topeka, and *E. Lael Alkire*, of Wichita, were with them on the briefs for the appellant.

*Lawrence Weigand*, of Wichita, argued the cause, and *W. D. Jochems, J. Wirth Sargent, Emmett A. Blaes, Claude I. Depew, W. E. Stanley, William C. Hook* and *Lawrence E. Curfman*, all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: Plaintiff appeals from a judgment of the trial court dismissing the action hereafter mentioned.

On October 19, 1946, a petition was filed alleging that Mary Elam was the widow of Leonard Elam, deceased, and the mother of Thora

Kay Elam who was his minor daughter; that Leonard Elam died intestate on February 18, 1945, and there had been no administration of his estate. Then follow allegations that defendants were operating a truck on the public highway; that Leonard Elam was driving a Greyhound bus and that through negligence of defendants the truck and bus collided and Elam received injuries from which he died. The details of the alleged negligence need not be set forth. Plaintiff prayed for a judgment against the defendants for the wrongful death in the amount of $10,000, "for the exclusive benefit of the plaintiff, as widow, and of Thora Kay Elam, minor daughter of said decedent."

On December 2, 1946, defendants filed their motion that the petition be made more definite and certain in several particulars, of which we note the two following: 1. That plaintiff state whether she brought the action, or whether it was brought in her name on behalf of Leonard Elam's employer under the provisions of G. S. 1945 Supp. 44-504, or the insurance carrier of the employer. 2. In the event the real party was the insurance carrier of the employer, to state the actual amount of money paid by it to the personal representatives of the deceased, and to strike from the petition any claim for damages in excess of that amount. The motion was resisted and on January 14, 1947, was overruled as to the above matters. Thereafter the plaintiff filed an amendment to the petition. The amendment pertained to the alleged negligence, the amount of funeral expenses incurred and paid, and the prayer of the petition was amended by striking therefrom that portion heretofore quoted.

On February 21, 1947, the defendants filed their motion that the court dismiss the action for the reason plaintiff had no right to prosecute it; that the action was subject to the provisions of G. S. 1945 Supp. 44-504 and was not commenced within the time there provided, and that the measure of damages sought was improper and unlawful. On the hearing of this motion the defendants offered and the trial court received and considered an affidavit of the workmen's compensation commissioner of the state of Kansas, showing that an award had been made in favor of Mary Elam and Thora Kay Elam against the Southwestern Greyhound Lines, Inc., and Continental Casualty Company. The correctness of the affidavit was not challenged by the plaintiff. The award itself is not shown in the abstract but in the briefs the amount of the award is said to have been $4,150.

After consideration the trial court addressed a letter to counsel for the parties, stating that interpreting the petition from its four corners, it had concluded that the plaintiff was maintaining the action for and on behalf of herself and that she was barred by the eighteen months statute of limitation. On March 25, 1947, the court made its order finding the motion to dismiss should be sustained, and dismissed the action at the costs of the plaintiff. From that order the plaintiff appealed to this court.

In a preliminary way, it may be said that the petition alleges a cause of action under G. S. 1945 Supp. 60-3203 which, generally speaking, provides for an action for damages for wrongful death; that the action must be commenced within two years, and that the damages cannot exceed ten thousand dollars "and must inure to the exclusive benefit of the widow and children, if any, or next of kin . . ." This section was amended by Laws 1947, ch. 319, but we are not concerned presently with the last statute. G. S. 1935, 60-3204, provides the circumstances under which the widow may bring the action.

The other statute primarily involved is G. S. 1945 Supp. 44-504, which is a section of the workmen's compensation act, and generally speaking, provides that when death, for which compensation is payable under the act, was caused under circumstances creating a legal liability against some person other than the employer, the dependents or personal representatives of the deceased workman shall have the right to take compensation under the act and to pursue his or their remedy against the wrongdoer. Provisions for subrogation and participation by the employer in any amount recovered need not be noted as they are not involved here. Under this statute the action must be instituted by the dependents or personal representatives within eighteen months, and failure to bring such action within the time specified operates as an assignment to the employer of any cause of action which the dependents or personal representatives may have against such third party, who may enforce the same in his own name or in the name of the dependents or personal representatives. This last mentioned statute was amended by Laws 1947, ch. 287, which was not in effect when the present action was filed.

It may be observed that the employer had no cause of action against the defendants for damages for wrongful death under G. S.

1945 Supp. 60-3203. Any rights that he might have arise because of his being a statutory assignee under G. S. 1945 Supp. 44-504.

When the motion to dismiss came on before the trial court, the plaintiff had successfully resisted all efforts of the defendants to learn whether the widow was personally prosecuting the action or whether it was being prosecuted in her name by the employer. Obviously the trial court reached the conclusion that the action was being maintained in her own name by the widow of the deceased workman, for it dismissed the action, according to the memorandum it sent counsel, because she was barred by the statute of limitations.

Under G. S. 1945 Supp. 44-504 there was only one cause of action recognized. Within eighteen months from the death of the workman, his dependents or personal representatives could institute an action, and if they failed to do so, there was a statutory assignment to the employer and in the succeeding six months he could file an action as provided, but there was never any single period of time when both the dependents or personal representatives and the employer could institute actions. The cause of action here stated belonged either to the widow and her child or to the employer. It is clear that if the action was instituted by the employer in the name of the dependents or personal representative of the deceased workman, it was in time; it was neither prematurely brought nor barred by limitation, for it had been instituted over eighteen months and less than two years from the date of death of Leonard Elam, the deceased workman. If that be true the trial court erred in sustaining the motion.

By reason of the situation presented by the record as abstracted, and the contentions as made in the appellant's brief, it was not clear, but on the contrary quite uncertain, who actually had instituted the action in the district court or who is the appellant here, and the clerk of this court was directed to ascertain from counsel for the appellant whether the action had been instituted by the dependent widow in her own behalf or by the employer in her name. We are now advised by counsel that the action was instituted by the employer in the name of the dependent widow. In view of that advice, we hold that the action was commenced in time. Had this information been disclosed to the trial court it is very probable this appeal would not have been necessary. In view of the situation, we need not discuss appellant's contention the trial court erred in considering the affidavit filed in support of the motion to dismiss.

In the brief filed on behalf of the appellant a number of other contentions are made which need not be set forth at length. Each of the contentions has been considered. None of these contentions, with the exception of one matter later discussed, affect the rights of the employer. They are contentions which might very properly be made by the dependent widow had she been the plaintiff below and the appellant here, but that not being the case, no discussion is necessary or proper.

Appellant directs attention to our decision in *Krol v. Coryell*, 162 Kan. 198, 175 P. 2d 423, wherein it was held that when, as authorized by G. S. 1945 Supp. 44-504, an action is instituted by an employer in the name of the dependent and against a third person for damages for wrongful death, his recovery, if any, is limited and restricted to his financial loss, that is, the expenditures made by him or his insurer as compensation under the requirements of the workmen's compensation act. Appellant contends that the rule of that case had been abrogated by enactment of Laws 1947, ch. 287, which amended G. S. 1945 Supp. 44-504, and that the latter act is a legislative interpretation of the former act and further that the latter act is a change in remedial and not substantive law. Without going into detail it may be said the latter act provides that in an action such as is before us, recovery might be for the benefit of all parties, employer, dependents or personal representatives "as their interest may appear." Appellant's contention need not be pursued. Even if he were correct, which we do not hold, the amount of his own actual recovery would not be increased. The only persons who could be affected if the statute be construed as the appellant proposes are not before this court. Although the appellant prayed for judgment in the amount of $10,000, his prayer is no part of his petition, and on trial of the action the amount of his judgment, if any, will be limited and restricted by the rule stated above.

The order and judgment of the trial court dismissing the action is reversed, and the cause is remanded to the district court for further proceedings.

HOCH, J. (dissenting): Being unable to join in this decision, I will briefly state my views. I agree that under the provisions of the workmen's compensation law, G. S. 1945 Supp. 44-504, the widow had only eighteen months in which to bring the action against the defendants and that if she did not do so within that time, right of action accrued by statutory assignment to the employer. Under

the provisions of the civil code (G. S. 1945 Supp. 60-3203) actions for wrongful death may be brought within two years and it follows, I think, that although section 44-504 of the workmen's compensation act does not fix the time within which the employer may bring the action, he would have only the remaining six months within which to bring it. The action having been brought more than eighteen months but less than two years after the death, it could only be maintained by the employer.

By motion to make more definite and certain, the defendants sought to find out whether the widow, the plaintiff named, was bringing the action, or whether it had been brought in her name by and on behalf of the employer. This motion was successfully resisted. In the first petition, the plaintiff prayed "for damages for wrongful death of said Leonard Elam in the amount of $10,000 *for the exclusive benefit of the plaintiff, as widow, and of Thora Kay Elam, minor daughter of said decedent.*" (Italics supplied.) By amendment to the petition, the words following the figures $10,000 in the prayer were eliminated. This amendment, however, in no way disclosed whether she or the employer was in fact bringing the action and for whose benefit it was being brought. In its letter to the attorneys, the trial court stated:

"Interpreting the petition from its four corners, the court concludes that the plaintiff is still maintaining the action for and on behalf of herself; and in this event, she is barred by the eighteen months statute of limitations and the demurrer is sustained on that ground only."

Under the circumstances, the trial court had every reason to so interpret the petition. Certainly in view of plaintiff's resistance of the motion, she—or he—was not entitled to have the court read into the petition a supposition that the employer was the real plaintiff and party in interest. Indeed, this court now says in its opinion: "Had this information been disclosed to the trial court it is very probable this appeal would not have been necessary."

We are thus confronted with this situation: Acting upon the petition before it, the ruling of the trial court cannot be said to be improper. Plaintiff appealed, and neither in the briefs nor in oral argument was it disclosed to this court that the action was instituted by the employer and that he is the appellant and real party in interest. It was only after insistent inquiry from this court following the argument that that fact was disclosed. And yet we now reverse the trial court upon the basis of a fact which the appellant

succeeded in preventing the trial court from knowing. I do not think we should approve such procedure. Not only was it unfair to the trial court, but it puts upon the appellees the burdens incident to appeal and reversal, although they sought in timely manner to elicit the information which, as the court now says, would probably have made the appeal unnecessary.

One additional comment. Appellant contends that chapter 287, Laws of 1947, is remedial and not substantive in character, and should therefore be applied to the instant case. I agree with what is said in the court's opinion with reference to this contention, and only add that whether remedial or substantive, chapter 287 of the Laws of 1947 not only was not in effect when the instant action was *filed*, but it did not go into effect until more than three months after the instant judgment was entered. Under no interpretation, therefore, could it be applicable to the pending litigation.

WEDELL and BURCH, JJ., concur in the foregoing dissent.