No. 36,940

Mary Elam, a Widow, *Appellant,* v. M. Bruenger and Leona
Bruenger; M. Bruenger and Leona Bruenger, doing busi-
ness as Arkansas Valley Produce Company, a Copartner-
ship, and Norman Goulding, *Appellees.*

(193 P. 2d 225)

Opinion on rehearing filed May 8, 1948.

*Jacob A. Dickinson,* of Topeka, argued the cause, and *Edward Rooney, David Prager,* both of Topeka, and *E. Lael Alkire,* of Wichita, were with him on the briefs for the appellant.

*Jacob A. Dickinson,* of Topeka, argued the cause, and *Edward Rooney, A. Blaes, Claude I. Depew, W. E. Stanley, Lawrence Weigand, William C. Hook* and *Lawrence E. Curfman,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: Plaintiff appeals from a judgment of the trial court dismissing the action hereafter mentioned.

Following the original submission of the appeal in this action, this court on November 8, 1947, filed its opinion now appearing in 163 Kan. 770, 186 P. 2d 248, in which it reversed the order and judgment of the trial court dismissing the action. In due time the appellees filed their motion for a rehearing urging that this court, in determining the appeal, had disregarded its past rule and had given consideration to matters of which the trial court had not been advised and which were outside the record. (See last paragraph, page 773 of the above opinion.) The contention appearing to be meritorious, the court allowed the motion and the appeal has been reheard.

Upon consideration this court concludes that its former opinion, predicated in part upon matters outside the record, should be receded from, withdrawn and set aside, and that for the purposes of clarity and convenience the matters involved in the appeal should be fully stated and determined.

On October 19, 1946, plaintiff filed her petition alleging that she was the widow of Leonard Elam, deceased, and the mother of Thora Kay Elam who was his minor daughter; that Leonard Elam died intestate on February 18, 1945, and there had been no administration of his estate. Then follow allegations that defendants were operating a truck on the public highway; that Leonard Elam was driving a Greyhound bus and that through negligence of defendants

the truck and bus collided and Elam received injuries from which he died. The details of the alleged negligence need not be set forth. Plaintiff prayed for a judgment against the defendants for the wrongful death in the amount of $10,000, "for the exclusive benefit of the plaintiff, as widow, and of Thora Kay Elam, minor daughter of said decedent."

On December 2, 1946, defendants filed their motion that the petition be made more definite and certain in several particulars, of which we note the two following: 1. That plaintiff state whether she brought the action, or whether it was brought in her name on behalf of Leonard Elam's employer under the provisions of G. S. 1945 Supp. 44-504, or the insurance carrier of the employer. 2. In the event the real party was the insurance carrier of the employer, to state the actual amount of money paid by it to the personal representatives of the deceased, and to strike from the petition any claim for damages in excess of that amount. The motion was resisted and on January 14, 1947, was overruled as to the above matters. Thereafter and on February 6, 1947, the plaintiff filed an amendment to the petition. The amendment pertained to the alleged negligence, the amount of funeral expenses incurred and paid, and the prayer of the petition was amended by striking therefrom that portion heretofore quoted.

On February 21, 1947, the defendants filed their motion that the court dismiss the action for the reason plaintiff had no right to prosecute it; that the action was subject to the provisions of G. S. 1945 Supp. 44-504 and was not commenced within the time there provided, and that the measure of damages sought was improper and unlawful. On the hearing of this motion the defendants offered and the trial court received and considered an affidavit of the workmen's compensation commissioner of the state of Kansas, showing that an award had been made in favor of Mary Elam and Thora Kay Elam against the Southwestern Greyhound Lines, Inc., and Continental Casualty Company. The award itself is not shown but in the briefs the amount of the award is said to have been $4,150. The correctness of the affidavit was not challenged by the plaintiff.

After consideration the trial court addressed a letter to counsel for the parties, stating that interpreting the petition from its four corners, it had concluded that the plaintiff was maintaining the action for and on behalf of herself and that she was barred by the

eighteen months statute of limitation. On March 25, 1947, the court made its order finding the motion to dismiss should be sustained, and dismissed the action at the costs of the plaintiff. From that order the plaintiff appealed to this court.

In appellant's brief three general questions are submitted for our consideration. They include discussion of the following: A. That upon a motion to dismiss the court may not properly consider an affidavit showing that a wrongful death action is affected by G. S. 1945 Supp. 44-504. B. In an action for wrongful death affected by the above statute, filed after eighteen months in the name of the widow, the petition need not disclose the interest of the employer or his compensation carrier. C. Laws 1947, ch. 287 (which amends the last mentioned statute) abrogates the rule of *Krol v. Coryell*, 162 Kan. 198, 175 P. 2d 423, limiting recovery in an action filed after eighteen months to the amount of the employer's claim. D. That the 1947 act is a legislative interpretation of G. S. 1945 Supp. 44-504, and should be adopted by the courts in construing the last named statute. E. The 1947 act is a change in remedial and not substantive law and should be applied to pending litigation. F. If G. S. 1945 Supp. 44-504 is interpreted to bar the widow after eighteen months, it violates her constitutional rights under the fourteenth amendment to the United States constitution, and sections 1 and 18 of the bill of rights and article 2, section 17, of the constitution of the state of Kansas. G. The compensation award paid the widow by the employer and any agreement for division of damages recovered in a wrongful death action have no part in either the pleadings or evidence in an action against the third party tortfeasor. Although not in the order presented, these questions will be discussed later insofar as is necessary to a disposition of the appeal.

In a preliminary way, it may be said that the petition alleges a cause of action under G. S. 1945 Supp. 60-3203 which, generally speaking, provides for an action for damages for wrongful death; that the action must be commenced within two years, and that the damages cannot exceed ten thousand dollars "and must inure to the exclusive benefit of the widow and children, if any, or next of kin . . ." This section was amended by Laws 1947, ch. 319, but we are not concerned presently with the last statute.

The other statute primarily involved is G. S. 1945 Supp. 44-504 which is a section of the workmen's compensation act, and generally

speaking, provides that when death, for which compensation is payable under the act, was caused under circumstances creating a legal liability against some person other than the employer, the dependents or personal representatives of the deceased workman shall have the right to take compensation under the action and to pursue his remedy against the wrongdoer. Provisions for subrogation and participation by the employer in any amount recovered need not be noted as they are not involved here. Under this statute the action must be instituted by the dependents or personal representatives within eighteen months, and failure to bring such action within the time specified operates as an assignment to the employer of any cause of action which the dependents or personal representatives may have against such third party who may enforce the same in his own name or in the name of the dependents or personal representatives. Under this statute there is but one cause of action. This last mentioned statute was amended by Laws 1947, ch. 287. The amendment will be referred to in our discussion.

When the motion to dismiss came on before the trial court the plaintiff had successfully resisted all efforts of the defendants to learn whether the widow was personally prosecuting the action or whether it was being prosecuted in her name by the employers or their insurance carrier. Obviously the trial court reached the conclusion that the action was being maintained in her own name by the widow as the personal representative of her deceased husband, for it dismissed the action, according to the memorandum it sent counsel, because she was barred by the statute of limitations. The notice of appeal is "that Mary Elam, plaintiff" appeals to this court, and it is signed "Mary Elam, a widow" by her counsel. We are confronted with the question as to who the real appellant is. Waiving soundness of contentions made and hereafter discussed, it is clear that if the action is being prosecuted by the employer in the name of the personal representative of the deceased workman, it is in time, neither prematurely brought nor barred by limitation, having been instituted over eighteen months and less than two years from the date of the death of Leonard Elam, the deceased workman. If that be true the trial court erred in sustaining the motion to dismiss. However, it is to be borne in mind that the plaintiff, whether the widow acting in her own behalf, or the employer bringing the action in her name, successfully resisted the defendants' efforts to learn who actually was the plaintiff. In

the appellant's brief filed in this court, no contention is made that the real appellant is the employer and not the widow, but a series of contentions is made that, generally speaking; are of no consequence to the employer, but which, if sustained, are of vital interest to the widow. There was only one cause of action alleged in the petition and it belonged either to the widow as personal representative or to the employer. Under the statute the personal representative could institute an action within eighteen months, and in the succeeding six months the employer could, but there was no time in which each could institute actions at the same time. Under the statute the cause of action could not belong to both of them, unless the contentions hereafter discussed are resolved in favor of the widow.

The questions presented in this appeal do not make it necessary that we review the statute providing for damages for wrongful act (G. S. 1945 Supp. 60-3203). While those questions do require notice to be given to the provisions of the workmen's compensation act (G. S. 1945 Supp. 44-504) we note that in *Krol v. Coryell,* supra, decided before the trial court rendered judgment in the instant case, and in *Clifford v. Eacrett,* 163 Kan. 471, 183 P. 2d 861, decided thereafter, this court reviewed the history of the last mentioned statute fully and without repeating that history at length, reference is made to the above decisions therefor.

Brief reference is here made to our decision in *Krol v. Coryell,* supra, where this court gave consideration as to who and in what name an action might be maintained under the last statute, and held that in such an action who was actually maintaining the action, the conditions and circumstances under which the right to enforce the action, the allowance of an award to the widow, the amount paid on such award and other facts of similar import, were all matters of defense properly included in the defendant's answer. Reference is made to the opinion for a full statement of how the question arose, and here it is pointed out only that in the instant case a much different procedure was followed. In that case, as in the instant one, it was contended that under *Moeser v. Shunk,* 116 Kan. 247, 226 Pac. 784, and cases following it, the statute was not intended for the benefit of a third party wrongdoer nor to relieve him from liability. In part this court said:

"We have no quarrel with the rule announced in the foregoing decisions but it must be remembered that it is predicated upon the statutory provisions providing in substance that whenever an employer brought an action in damages,

upon a cause of action for wrongful injuries to or death of an employee which he had acquired by subrogation or statutory assignment, the most he could recover would be the amount he had been required to expend as the result of the injury to his employee and anything over and above that amount would go to the employee if alive or if deceased to his dependents or personal representatives." (l. c. 203.)

But after examining the statute as it was amended in 1938 (G. S. 1945 Supp. 44-504) this court concluded that the recovery of an employer maintaining an action under the statute, and it was the only statute giving him any right of action against the third party wrongdoer, was limited and restricted to his financial loss. Under that decision, and under the statute as it existed from 1938 until it was amended in 1947, it was of great importance to the third party to know who actually was maintaining an action against him, for whether the statute of limitations may have run, the possible amount of his liability and other matters of similar import might be defenses in one case and not in the other. The defendant has a right to know with whom he has to contend. Conceivably, he might be willing to settle a claim of the employer for one amount and utterly unwilling to confess any liability to the workman or his dependents or personal representatives for some other and usually greater amount.

In the instant case the defendants did seek, without success, to learn who was maintaining the action against them, and they then filed their motion and supported it with the affidavit of the workmen's compensation commissioner showing that an award had been made to the widow and child of the deceased workman. The record does not disclose that the plaintiff made any effort to controvert the showing thus made. In this court the appellant says that the trial court could not consider the affidavit and that in the action filed after eighteen months in the name of the widow, the petition need not disclose the interest of the employer or compensation carrier. The gist of the argument is that who is the real plaintiff is a matter which can only be raised by answer. While *Krol v. Coryell*, supra, which was a compensation case, and *Gibbs v. Central Surety & Ins. Corp.*, 163 Kan. 252, syl. ¶ 3, 181 P. 2d 498, and cases cited therein, which were not compensation cases, do state the defendant must raise any question as to the real party in interest by demurrer if the defect appears on the face of the petition or by answer if it does not, or if not so done the question will be deemed to have been waived, they are no authority against what was done in the instant

case. The motion to dismiss was not improper, nor was it improper to support its allegations by the affidavit of the workmen's compensation commissioner. The method followed speedily developed the fact that a compensation award had been made to the widow and child of the deceased workman. If the real party in interest was the employer, a simple disclosure of the fact would have dispelled all doubt and the cause could not properly have been dismissed on the ground it was barred under the statute. Appellant, who up to this time has concealed her or its identity, now seeks reversal by contending that the matters disclosed could be raised only by answer. Under our decision in *Krol v. Coryell,* supra, the employer could recover only what it was out of pocket—resistance of the motion could be only because the plaintiff sought to recover more than that amount, and the only one who would be interested in a recovery for more than that out of pocket expense, or stated another way, more than the award of the compensation commissioner, would be the widow. In our judgment the statement of what was done shows that the contention of the appellant should not be sustained.

The other contentions presented by the appellant's brief are immaterial if considered from the standpoint of the employer, but are material if the appellant is the widow, and on the assumption she is the appellant, those contentions will be noticed.

Without going into detail, it may be said that the legislative history leading up to G. S. 1945 Supp. 44-504 discloses that prior to the 1938 amendment any recovery against a third party wrongdoer was for the benefit, not only of the injured workman or his legal representative, if he were dead, but also of his employer. The amendment of 1938, as construed in *Krol v. Coryell,* supra, however, limited and restricted the right of recovery in an action brought by the employer. Subsequent to the time the instant action was instituted and finally disposed of in the district court, the legislature adopted Laws 1947, ch. 287, which amended G. S. 1945 Supp. 44-504 by providing generally that failure of the injured workman or his dependents to bring an action against the third party wrongdoer within eighteen months should operate as an assignment to the employer of such cause and such employer "may enforce same in his own name or in the name of the workman, dependents or personal representatives for their benefit as their interest may appear," the quoted portion in effect restoring language

similar to that appearing in the 1927 act and eliminated in the 1938 act.

Appellant contends that the 1947 amendment abrogates the rule of *Krol v. Coryell*, supra, limiting the amount of recovery, and (a) that the 1947 ·act is a legislative interpretation of G. S. 1945 Supp. 44-504, and should be adopted by the court in construing and applying the last mentioned section, and· (b) that the 1947 act effects a change in remedial law and not in substantive law and should be applied to pending litigation.

No purpose will be served by setting forth at length appellant's review of the section of the workmen's compensation act, referred to above, as it existed when *Krol v. Coryell*, supra, was decided, and the argument in connection with the 1947 amendment, that the legislature by the amendment was placing its interpretation on what the section, as it existed from 1938 to 1947, meant. The gist of appellant's argument is that under *State v. Shawnee County*, 83 Kan. 199, 110 Pac. 92, and *Prudential Ins. Co. v. Patten*, 140 Kan. 708, 38 P. 2d 143, a legislative interpretation of an earlier act is binding in all cases arising subsequent to such interpretation. We note, but shall not comment thereon, that the instant case was commenced, submitted to and decided in the trial court and an appeal taken to this court before the 1947 amendment enacted by the legislature was approved or before it became effective. The contention made by the appellant cannot be sustained, however, for the effect of the amendment was not to place any interpretation on the section as it was enacted in 1938, and under which the right of recovery by an employer was limited and restricted, as was held in *Krol v. Coryell*, supra, but was to increase the amount that could be recovered in an action instituted by the employer and provide that the recovery should be for the benefit of the employer, workman, dependents or personal representatives "as their interests may appear." As we construe the statute, the effect of the 1947 amendment is to change the substantive law and not merely the remedy. There is nothing in the amended section indicating it should have any retroactive force or effect. Under repeated decisions of this court,. it would only be given a construction of retroactive effect when such intention is clearly expressed. See, *e. g., Douglas County v. Woodward*, 73 Kan. 238, 84 Pac. 1028; *First Nat'l Bank v. Gray*, 151 Kan. 558, 99 P. 2d 771; *Beeler & Campbell Supply Co. v. Warren*, 151

Kan. 755, 100 P. 2d 700; *Bulger v. West,* 155 Kan. 426, 125 P. 2d 404; and cases cited therein.

It is to be observed that the right of action for wrongful death (G. S. 1945 Supp. 60-3203, G. S. 1935, 60-3204) is statutory, limits who may maintain such an action, the amount of recovery, and provides that any recovery "must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased." Only by virtue of the section of the workmen's compensation act to which reference has been made may an employer maintain the action, or derive any benefit from it. The employer's rights are entirely controlled by the workmen's compensation act and the provisions of that act with reference to his recovery are essentially substantive law. About the only adjective law included is that the employer may maintain the action in his own name or in the name of the workman, dependents or personal representatives. Appellant's contention that the 1947 amendment effected a change in the remedial but not the substantive law cannot be sustained.

It may be noted that there is some inference, rather than direct contention that our decision in *Krol v. Coryell,* supra, is wrong, it being said that under its reasoning the widow's rights are barred after eighteen months and inferentially that in the succeeding six months the employer may only have a restricted recovery. That case was fully considered before it was decided. The argument now made has been considered and we adhere to what was said in that case.

Appellant also contends that if G. S. 1945 Supp. 44-504 is construed to bar the widow after eighteen months, such construction makes the bar unconstitutional, under sections of the United States and Kansas Constitutions to which reference has previously been made. As we understand the argument it is that the widow is denied equal protection of law, that under the wrongful death statute she has two years to bring her action, and under the workmen's compensation section she has only eighteen months, and that there is no sound basis for the classification under the latter section. No authorities specifically in point are cited. It is well to bear in mind that the action for damages for wrongful death and the rights conferred under the workmen's compensation act are both statutory. The whole matter of both acts is one calling for legislative discretion and action. When the history of both acts is considered, it clearly

appears that by progressive steps, the legislature reached a place where it provided that if a workman, whose dependents or personal representatives were within the protection of the compensation act, suffered death by wrongful act of a third person, the widow or personal representative might bring an action against such third person, in which case there was some protection to the employer, who was not responsible for the death, but nevertheless had to respond to the widow and dependents, and gave her or the personal representative eighteen months to pursue that action. If she or the legal representative did not do so, the cause of action by statutory assignment passed to the employer, who had six months to prosecute the third party wrongdoer. We are of opinion that it was within the power and competency of the legislature to so provide and that such provision did not affect the constitutional rights of the widow. She, or the legal representative, was given ample time to pursue her remedy, in which remedy she had no vested rights. The classification, if it may be called such, was not unreasonable, discriminatory or unconstitutional.

A review of the record discloses that the petition filed after eighteen months alleges a cause of action by the widow against the defendant for damages for wrongful death for the statutory amount then recoverable of $10,000 "for the exclusive benefit of the plaintiff, as widow, and of Thora Kay Elam, minor daughter of said decedent"; that plaintiff successfully resisted a motion designed to disclose whether the widow or the employer of her deceased husband was maintaining the action; that thereafter the prayer of the petition was amended only to strike out the language quoted above; and that the record discloses there was an award of compensation. As has been noted, there has been a studied effort to avoid disclosure as to who was the actual plaintiff and this court is not now advised by direct statement who is the appellant. The contentions made and considered, however, are on behalf of the widow and not the employer. The record is silent as to what contentions and arguments were made in the trial court, but we assume they are the same as are presented to us. From the whole record we conclude that the plaintiff below and the appellant here is the widow, and not the employer maintaining an action in her name, and that she commenced her action too late; that it was barred by the statute of limitations and that the trial court ruled correctly in dismissing it.

The judgment is affirmed.