## BLACK, SIVALLS & BRYSON, Inc. v. SHEAHAN.

### No. 3422.

United States District Court
D. Kansas.

Jan. 31, 1950.

640

Louis R. Gates, Kansas City, Kansas, for plaintiff.

Paul R. Wunsch and Charles H. Stewart, Kingman, Kansas, for defendant.

MELLOTT, Chief Judge.

By a motion to strike defendant challenges the right of a former employer of a deceased employee to sue it, a third party whose alleged negligence caused the employee's death, for an amount in excess of the amount paid by the employer under the compensation act of the State of Kansas. Diversity of citizenship exists, the amount in controversy exceeds $3,000.00, exclusive of interest and costs, and this court has jurisdiction.[1]

The pertinent Kansas statute is the section subrogating an employer for compensation and medical aid provided by him. It was amended subsequent to the injury, award and payment but prior to the institution of the instant case. The statute, as it existed before and after amendment, is shown in the margin.[2] Dates may have some significance so they are set out at this juncture:

1. Title 28 U.S.C.A. § 1332, Act of June 25, 1948, c. 646, 62 Stat. 930.

2. § 44-504, 1945 Supp.G.S.Kans.1935, L. 1938, Sp.Sess., Ch. 50, as amended by § 44-504, 1947 Supp.G.S.Kans.1935, L.1947, Ch. 287, ¶ 1; June 30. "Remedy against negligent third party; employer subrogated, when; lien; limitation of actions. When the injury or death for which compensation is payable under this act was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured workman, his dependents or personal representatives shall have the right to take compensation under the act and pursue his or their remedy by proper action in a court of competent jurisdiction against such other person. In the event of recovery from such other person by the injured workman, or the dependents or personal representatives of a deceased employee by judgment, settlement or otherwise, the employer shall be subrogated to the extent of the compensation and medical aid provided by him to date of such recovery and shall have a lien therefor against such recovery and the employer may intervene in any action to protect and enforce such lien. Such action against the other party, if prosecuted by the workman, must be instituted within one year from the date of the injury, and, if prosecuted by the dependents

| | |
|---|---|
| Injury and death of deceased | January 29, 1947 |
| $4,000.00 award by Kansas Workmen's Compensation Commission | May 5, 1947 |
| Award paid | May ? 1947 |
| Effective date of amendment | June 30, 1947 |
| Executor of estate of deceased employee discharged | February 16, 1948 |
| Final date on which action could be instituted by dependents or personal representative of deceased workman | July 28, 1948 |
| Assignment of "cause of action in tort" under statute | July 29, 1948 |
| Action filed | January 12, 1949 |

Conceding for present purposes that the plaintiff may sue for the amount paid by it to the widow ($4,000.00), plus the damage alleged to have been sustained to an automobile owned by it and being driven by the deceased at the time of his injury ($615.00), defendant contends that the aggregate of these amounts is the maximum which may be recovered. This is premised upon the assumption that plaintiff's right to recover rests upon the act as it existed at the time the injury resulting in the death of the employee occurred, the amendment of June 30, 1947 not being "retrospective in effect" and the change made by it being a change in substantive law rather than remedial in character.

■ This court is required to apply the law of Kansas as construed by its highest court.[3] Its obligation to do so in cases arising under the compensation act existed even prior to the Erie R. Co. case.[4] But the precise question now raised seems not to have been passed upon squarely by the Supreme Court of Kansas; so this court's task is not an easy one.

The genesis of the amendment of 1947 seems to have been a holding by the Supreme Court of Kansas in December of 1946 in Krol v. Coryell[5] that recovery by an employer, suing under Section 44-504 as it existed in 1945, must be "limited to * * * [his or its] financial loss," in view of the fact that there was nothing in the section which prevented such employer from "retain[ing] more than he has been out of pocket if * * * successful in obtaining a judgment in excess of that sum", the statute, in its then form, making no "provision for an equitable adjustment between the employer and his employee and/or dependents or * * * [providing] that the amount recovered inures to the benefit of each of them as their interests may appear." 162 Kan. loc. cit. 204, 175 P.2d loc. cit. 427. If plaintiff, in the case at bar, is required to rely upon the 1945 act, it is clear its recovery must be limited to the amount it has been out of pocket.

But plaintiff relies upon the 1947 act. May it do so? Defendant says "no", assigning the reasons mentioned above. Plaintiff's argument, in support of its contention that it has the right to pursue its remedy under that act, proceeds substantially as follows:—Its cause of action accrued on July 29, 1948, its "right to institute and maintain an action"[6] having arisen

or personal representatives of a deceased workman, must be instituted within eighteen months from the date of such injury. Failure on the part of the injured workman, or the dependents or personal representatives of a deceased workman to bring such action within the time herein specified, shall operate as an assignment to the employer of any cause of action in tort which the workman or the dependents or personal representatives of a deceased workman may have against any other party for such injury or death, and such employer may enforce same in his own name or in the name of the workman, dependents or personal representatives [*for their benefit as their interest may appear*] by proper action in any court of competent jurisdiction." (The italicized words in brackets were added by the amendment which became effective June 30, 1947.)

3. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231; Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. —.

4. Northern Pacific Railway Co. v. Meese, 239 U.S. 614, 36 S.Ct. 223, 60 L.Ed. 467.

5. 162 Kan. 198, 175 P.2d 423, 427.

6. Kinnard v. Stevens, 122 Kan. 347, 251 P. 1085; Bruner v. Martin, 76 Kan. 862, 93 P. 165, 14 L.R.A.,N.S., 775, 123 Am. St.Rep. 172, 14 Ann.Cas. 39; Hill v. Grand Lodge of I. O. O. F., 157 Kan. 34, 138 P.2d 438.

on the "assignment \* \* \* [to it, on that date,] of any cause of action in tort which the \* \* \* dependents or personal representatives \* \* \* [had] \* \* \* for \* \* \* [the] death" of the workman.

The right answer is elusive. Were this court free to adopt the postulate that two causes of action are given by the statute, one, a right of the dependents to sue for the death of their decedent and, two, a right of the employer to sue for the compensation and medical aid provided by him or it, there would be more substance to plaintiff's argument. But in that view the present issue would not have arisen. It is only because the plaintiff, no doubt commendably, has undertaken to enforce, for the dependents of the deceased workman, the liability of another to them, which they neglected to enforce for more than eighteen months, that the present question intrudes. Whether it had been anticipated by the legislature or the courts of Kansas need not be determined. This much, however, seems to be settled.

█ Under the several provisions of the Workmen's Compensation Act of Kansas pertaining to subrogation, the consistent view seems to have been taken that there is "a community of interest as between the employer and the employee in the action against the negligent third person", "whatever may be the general rule with respect to assignment of claims and the right \* \* \* to maintain an action thereon";[7] and "there is but one cause of action."[8] In that view, therefore, it seems that this court must approach the question as suggested by defendant; and, unless the 1947 act may be given a prospective application,

plaintiff's claim must be limited to the amount authorized by the 1945 act, as construed by the Supreme Court of Kansas in the Krol v. Coryell case.

█ The rationale of the two Elam cases,[9] together with that of Ellis v. Kroger Grocery & Baking Co.[10] leads this court irresistibly to the conclusion that "the effect of the 1947 amendment is to change the substantive law and not merely the remedy"; that it is not by its terms made retroactive; and that, not being purely remedial, it can have only prospective application. The motion to strike, and thereby limit recovery as urged by the defendant, should be sustained. Order so providing will be prepared by counsel for the defendant and settled in accordance with the Federal Rules of Civil Procedure and the Rules of Practice of this court.

The motion for a more definite statement under Federal Rules of Civil Procedure, rule 12(e), 28 U.S.C.A., will not be granted. The rule, as amended, may be invoked only "if a pleading \* \* \* is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading \* \* \*." No such vagueness or ambiguity is noted in the complaint in this case. At the risk of supererogation the court quotes from the Committee Note of 1946 with reference to the amendment to Rule 12(e): "With respect to preparations for trial, the party is properly relegated to the various methods of examination and discovery provided in the rules for that purpose." The motion is denied. The clerk will so note upon his civil docket, as provided in Rule 79(a) of the Federal Rules of Civil Procedure and Rule XXI of this court's Rules of Practice.

7. The quotations are from Long v. American Employers Ins. Co., 148 Kan. 520, 526, 83 P.2d 674, 678. See also Kelly v. Johnson, 147 Kan. 74, 75 P.2d 209; Clifford v. Eacrett, 163 Kans. 471, 183 P.2d 861; Krol v. Coryell, supra; Elam v. Bruenger, 165 Kan. 31, 193 P.2d 225.

8. Elam v. Bruenger, supra [165 Kan. 31, 193 P.2d 229].

9. Elam v. Bruenger, 163 Kans. 770, 186 P.2d 248; Id., 165 Kan. 31, 193 P.2d 225.

10. 159 Kan. 213, 152 P.2d 860, 155 A.L.R. 546.