## LUMBERMENS MUT. CASUALTY CO. v. DODGE CITY CEMENT PRODUCTS CO. et al.

### No. 3398.

United States District Court.
D. Kansas.

Feb. 15, 1950.

Eli Eubanks, Wichita, Kan. and Melville F. Boddie, Oklahoma City, Okl., for plaintiff.

Wayne Coulson, Wichita, Kan., Fleeson, Gooing, Coulson & Kitch, Wichita, Kan. and Kenneth G. Speir, Newton, Kan., Speir, Stroberg & Sizemore, of Newton, Kan., for defendants.

MELLOTT, Chief Judge.

The present issue, raised by a motion to dismiss, is whether the action is barred by the Kansas statute of limitations. Diversity of citizenship exists, the amount in controversy exceeds $3,000, exclusive of interest and costs, and this court has jurisdiction.[1]

The second and third subdivisions of the applicable section, shown in the margin,[2] must be examined. If the action is "upon a liability created by statute" the motion should be denied.

---

1. Title 28 U.S.C.A. § 1332, Act of June 25, 1948, c. 646, 62 Stat. 930.

2. G.S.Kan.1935, 60-306. "Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: * * *

"*Second.* Within three years: * * * ; an action upon a liability created by statute, other than a forfeiture or penalty.

"*Third.* Within two years: * * * ; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; * * *."

644

Complaint was filed herein November 23, 1948; but no process was issued. Amended complaint was filed December 20, 1948 and service duly made. The amended complaint alleges that plaintiff, on April 3, 1946 was a Workmen's Compensation Insurance carrier for the co-partnership of Chalmers & Borton, (hereinafter referred to as Chalmers); that Chalmers was engaged in constructing a grain elevator at Howell, Kansas; that the presently moving defendants (a co-partnership) were also engaged in the construction of the elevator; that one of Chalmers' employees, Clarence Willison, was severely and permanently injured due to the negligence of the defendants; that Willison claimed compensation under the Workmen's Compensation Laws of Kansas against plaintiff as the insurance carrier of Chalmers; that the proceedings instituted by Willison resulted in a judgment in his favor of $6,526, [compensation] and $467.80 for medical attention; that the judgment was entered and became final after appeal to the District Court of Ford County on the 3rd day of September, 1948: that the amounts have been paid by plaintiff; and that plaintiff "has become subrogated to the rights of * * * Willison, and under the laws of * * * Kansas is entitled to recover from the defendant[s] herein as a negligent third party." Recovery is also sought for $1,000 alleged to have been expended in the handling of the claim and for attorney's fees.

The Kansas statute obviously relied upon is the section of the Workmen's Compensation Act subrogating an employer for compensation and medical aid provided by him. The section, as it existed at the time the injuries were received and as amended in 1947, is shown in the margin.[3]

■ This court is required to apply the law of Kansas as construed by its highest court.[4] Its obligation to do so in cases arising under the compensation act existed even prior to the Erie R. Co. case.[5] The precise question now before the court seems not to have been passed upon by the Supreme Court of Kansas since the enactment of the subrogation statute in

3. § 44-504, 1945 Supp.G.S. (Kans.) 1935, L.1938, Ch. 50, as amended by § 44-504, 1947 Supp.G.S. (Kans.) 1935, L.1947, Ch. 287, § 1; June 30. "Remedy against negligent third party; employer subrogated, when; lien; limitation of actions. When the injury or death for which compensation is payable under this act was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured workman, his dependents or personal representatives shall have the right to take compensation under the act and pursue his or their remedy by proper action in a court of competent jurisdiction against such other person. In the event of recovery from such other person by the injured workman, or the dependents or personal representatives of a deceased employee by judgment, settlement or otherwise, the employer shall be subrogated to the extent of the compensation and medical aid provided by him to date of such recovery and shall have a lien therefor against such recovery and the employer may intervene in any action to protect and enforce such lien. Such action against the other party, if prosecuted by the workman, must be instituted within one year from the date of the injury, and, if prosecuted by the dependents or personal representatives of a deceased workman, must be instituted within eighteen months from the date of such injury. Failure on the part of the injured workman, or the dependents or personal representatives of a deceased workman to bring such action within the time herein specified, shall operate as an assignment to the employer of any cause of action in tort which the workman or the dependents or personal representatives of a deceased workman may have against any other party for such injury or death, and such employer may enforce same in his own name or in the name of the workman, dependents or personal representatives [for their benefit as their interest may appear] by proper action in any court of competent jurisdiction." (The italicized words in brackets were added by the amendment which became effective June 30, 1947.)

4. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231; Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. ——.

5. Northern Pacific Railway Co. v. Meese, 239 U.S. 614, 36 S.Ct. 223, 60 L.Ed. 467.

its present form in 1938; but decisions under earlier acts, together with the rationale of later decisions applying the section where the question of limitations was not involved, seem to indicate that the action was not timely instituted and that the motion to dismiss should be sustained.

In Maryland Casualty Co. v. Ladd [6] suit had been brought more than two years but less than three years after the workman had been injured, the statute then in force providing that any person paying compensation should be "entitled to indemnity from the person so liable to pay damages as aforesaid, and shall be subrogated to the rights of the workman to recover damages therefor." Plaintiff contended that the action was one upon a liability created by statute and hence that the three year limitation governed; but the court held that the two year statute applied, pointing out that the negligent third party had "no relation to the Compensation Act, the contract of employment, or the contract of indemnity", and that the employer or indemnitor had no greater or different right against the alleged negligent third party than the injured employee had.

 The decision referred to in the preceding paragraph is, of course, not determinative of the present issue. However, as this court recently pointed "out",[7] the consistent view seems to have been taken by the Supreme Court of Kansas that there is "a community of interest as between the employer and the employee in the action against the negligent third person," "whatever may be the general rule with respect to assignment of claims and the right * * * to maintain an action thereon";[8] and that "there is but one cause of action."[9] Indeed, the language of the act upon which plaintiff must rely clearly indicates that there is but one cause of action—viz., a "cause of action in tort which the workman * * * may have against any other party for such injury * * * and such employer may enforce *same* in his own name * * * in any court of competent jurisdiction." (Emphasis supplied). To the end that it may do so, the act requires the workman to institute an action against the negligent third party within one year, failure to do so operating "as an assignment to the employer of * * * [the] cause of action in tort." Thus the employer's suit is, and of necessity can only be, upon the cause of action in tort which the employee could have instituted. Being "an action for injury to the rights of another, not arising on contract," it must be brought within two years, as required by subdivision 3 of Sec. 60-306 supra.

The conclusion reached accords with the language used by the Supreme Court of Kansas in Elam v. Breunger, supra, 165 Kan. loc. cit. 36, 193 P.2d loc. cit. 229, where it was said that under Sec. 44-504 supra, "the personal representative could institute an action within eighteen months, and in the succeeding six months the employer could, but there was no time in which each could institute actions at the same time." This court recognizes that in the cited case the learned court was dealing primarily with the question whether an action instituted by the personal representative of a deceased workman after the expiration of eighteen months, could be maintained; so it has chosen to make an independent exploration of the question before it. The conclusion reached, however, accords with the view expressed in the quoted sentence, which, paraphrased is, that an action must be instituted by an injured workman within one year from the date of his injury and in the succeeding one year period, but not thereafter, an action may be instituted by the employer in the event the employee has failed "to bring such action within the time * * * specified."

6. 121 Kans. 659, 249 P. 687, 688.

7. Black, Sivalls & Bryson, Inc., v. Sheahan, D.C., 88 F.Supp. 639.

8. The quotations are from Long v. American Employers Ins. Co., 148 Kans. 520, 526, 83 P.2d 674, 678. See also Kelly v. Johnson, 147 Kans. 74, 75 P.2d 209; Clifford v. Eacrett, 163 Kans. 471, 183 P.2d 861; Krol v. Coryell, 162 Kan. 198, 175 P.2d 423; Elam v. Bruenger, 165 Kan. 31, 193 P.2d 225, 229.

9. Elam v. Bruenger, supra.

Order sustaining the motion to dismiss shall be prepared forthwith by counsel for the defendant and settled in accordance with the Federal Rules of Civil Procedure, 28 U.S.C.A., and the Rules of Practice of this court.